NEW MADRID COUNTY v. PHILLIPS, *Appellant.*

### Division One, November 26, 1894.

1. **Supreme Court:** JURISDICTION: CONSTITUTION. Irrespective of the amount involved the supreme court has jurisdiction by the terms of the constitution, in cases wherein a county is a party.

2. **County Road:** CONDEMNATION PROCEEDING: JUDGMENT: DAMAGES: COLLATERAL ATTACK. A proceeding in a county court to condemn a strip of land for a road, resulted in a finding for damages in favor of a party, then in possession of that land. The county paid the damages and opened the road. Afterwards it was found necessary for the county to acquire the title of another person to the same land. *Held,* that the first judgment for damages in the condemnation proceeding could not be impeached collaterally, because of these facts, nor could the party first mentioned be compelled to refund to the county in an action for money had and received.

3. ———: ———: ———. A judgment in a proceeding to open a road is binding on the county as well as on the individual landowners before the court therein, until set aside in some direct way.

4. **Records, Force and Effect of:** QUESTIONS OF LAW. The force and effect of records in evidence are questions of law to be determined by the court.

*Appeal from New Madrid Circuit Court.*—HON. H. C. O'BRYAN, Judge.

REVERSED AND REMANDED.

*J. J. Russell* for appellant.

(1) This was a proceeding under the statute to widen a public road. R. S. 1889, secs. 7792–7796. (2)

As shown by the agreed statement of facts, Murray Phillips owned one third of this land, and had possession of it all, one third as administrator and one third as guardian. Murray Phillips was the only party to the proceedings to condemn the land. The commissioners assessed his damages at $125; the county court by its own judgment ordered him paid the amount. It was paid to him by the county court, and he expended it in removing and rebuilding the fence. The public has not been disturbed in the possession of the right of way thus obtained, and I am unable to see any just grounds for the county to recover the money thus paid out. The fact that the circuit court afterwards improperly gave judgment against the county in a suit by Amos Phillips, can make no difference. Murray was the guardian of Amos when the land was condemned. If any part of the damages assessed to Murray belonged to his ward it was a matter to adjust between them as guardian and ward. If the interest of Amos was not affected by these proceedings, they are still unaffected, and he certainly could not justly claim any part of this money from the county, especially after paid to the party in possession and to whom assessed. The agreed facts show that the removing and rebuilding new fence cost him all of the $125 damages which he received. (3) This same land was afterwards given by commissioners in a partition suit to Amos, the ward, so that he got the new fence for which the damages were expended. The court may properly assume that all the rights of all the parties in interest were correctly adjusted in the partition suit. Confidently feeling that the facts in this case involve no doubtful legal point, it is without the citation of any authority.

BARCLAY, J.—The plaintiff, New Madrid county, charges in the petition that defendant, Murray Phillips,

is "indebted to plaintiff in the sum of $125, for money had and received by defendant from plaintiff on the seventh day of May, 1889; .that, although the.same has been demanded of defendant, he neglects and refuses to pay same to plaintiff.   Wherefore it demands judgment for the sum of $125, together with interest," etc.

The answer is a general denial.

The cause was tried by the court, a jury having been waived.

The material facts of the controversy appear in an agreed statement, the substance of which is as follows:

At the August term of the New Madrid county court, 1888, there were proceedings to widen a certain public road through lands belonging to the estate of Shapley R. Phillips, deceased.   There were three heirs to said estate, viz: Murray Phillips, the estate of Amos R. Phillips, deceased, and Amos R. Phillips.

Murray Phillips was the admistrator of the estates of Shapley Phillips and Amos R. Phillips, deceased; and, as the administrator of Shapley Phillips, he had the possession of said lands, renting and controlling the same.   He was also guardian of Amos R. Phillips, and had not then made final settlement or been discharged.   But Amos R. Phillips had, before that time, arrived at full age, and there was pending in the circuit court a suit for rents and all other matters of account between them as guardian and ward, which said suit was finally determined afterward, in 1890.

At the same term of the county court in 1888, the latter appointed commissioners to assess damages to Murray Phillips on account of the widening of said road.

At the February term, 1889, these commissioners made their report to the county court, assessed the damages to Murray Phillips (for widening said road) at $125 and the court approved the report.   Thereupon

Murray Phillips removed the fences, as required for the widening of said road, expending all of said damages in removing, and rebuilding fences.

At the May term, 1889, Murray Phillips received a warrant and payment from the county court for said sum—$125.

When the proceedings were commenced in the county court there was also pending in the circuit court of said county a partition suit to divide said lands of Shapley Phillips' estate among the three heirs. At the March term of the circuit court, 1889, commissioners in partition filed their report, in which they show that they examined and divided, in March, 1889, the said Shapley Phillips' lands, giving to said Amos R. Phillips the particular piece through which the said public road runs. That report was approved. Amos R. Phillips then claimed of the county the $125 previously ordered to be paid to Murray Phillips in the condemnation suit, and he sued for and recovered that amount from the county.

This suit is an effort to recover back the sum the county paid Murray Phillips as above.

Some testimony was offered by defendant as to cost of moving and rebuilding fences, but as it can not be material here, it need not be stated.

At the close of the evidence, the defendant asked the trial court to give this declaration of law, viz:

"The court declares the law of this case to be that if the evidence shows that the defendant was, at the time of the condemnation proceedings and the assessment of damages in the county court, the owner of one third interest in such lands, and in the exclusive possession of same as owner and as guardian and administrator of the other owners; and that said Murray Phillips was the only one of such parties to said proceedings; and that the county court paid said damages

to said defendant, being the amount assessed to him alone, then the verdict and judgment should be for the defendant.''

The court refused to give it, and the defendant duly excepted.

The trial court then found for the plaintiff, and gave judgment against defendant for $70, and costs.

After the necessary motions and exceptions, defendant appealed to the supreme court.

1. Notwithstanding the small pecuniary amount involved, the appeal falls within the jurisdiction of this court under the constitution, because of the fact that the county is a party. Const. 1875, art. 6, sec. 12; and Amendt. 1883, sec. 5.

2. The proceeding to widen the county road was governed by the present road law. Revised Statutes, 1889, section 7796, and the sections following.

Mr. Murray Phillips owned an interest in the land then sought to be condemned for road purposes. He was a party to that proceeding.

The commissioners duly assessed the damages to which they found him entitled, at the sum of $125.

He received that sum from the county and surrendered the possession of the strip of land which was the subject of the condemnation suit.

The county acquired by the condemnation the right to maintain the road as against Mr. Murray Phillips. If the county paid too much for the easement, the time to have had that error corrected was in that very proceeding.

The present action is nothing else than an attempt to review collaterally the finding for damages in favor of Mr. Murray Phillips then made by the commissioners.

The finding can not be thus revised. It is binding on the county as well as on Mr. Murray Phillips, until

set aside in some direct way. This is so firmly settled by recent adjudications that it is unnecessary to repeat the reasons for the ruling. *Union Depot Co. v. Frederick* (1893), 117 Mo. 138; *Burke v. Kansas City* (1893), 118 Mo. 309.

The petition suggests no equitable grounds for vacating the former judgment. It proceeds for money supposed to have been had and received by defendant.

There is no suggestion of fraud or mistake, or other basis for avoiding the effect of the condemnation proceeding.

On the facts admitted by the agreed case, the court should have rendered judgment for the defendant.

The force and effect to be given to the proceedings in the road case constituted a question of law on which the court should have ruled as requested by the defendant's instruction refused.

The fact that the county was obliged to acquire, and pay for the landed interest of another person, after paying for Murray Phillips' interest, furnishes no legal reason to set aside or cut down, by this collateral suit, his judgment for damages; still less does it furnish a reason for requiring him to refund what was paid to him for his estate in the premises.

The learned trial judge should have found for the defendant on the admitted facts.

The judgment is reversed and the cause remanded. BLACK, C. J., and BRACE and MACFARLANE, JJ., concur.