THE STATE OF MISSOURI ex rel. J. K. WIRT, Relator, v. THE COUNTY COURT OF CASS COUNTY, Respondent.

Appeal from Kansas City Court of Appeals, March 29, and May 31, 1909.

1. DRAMSHOPS: Local Option: Election: City Census: Statute. Where a census ordered by the city authorities shows twenty-five hundred inhabitants, such city cannot be included in the order of a county court submitting the question of the adoption of the Local Option Law to the voters of the county, even though the order for the election was made prior to the ordinance authorizing the taking of the census in the city.

2. ———: ———: ———: ———: ———: Judicial Notice. Even though sections 3027 et seq., Revised Statutes 1899, should apply only to a local option election to be held in the city, yet when

the election is in the county the city has authority under section 6300, to have the census taken for any purpose and requires the courts of the State to take judicial notice of the census thus ascertained; and said section applies to cities of the fourth class.

3. ———: ———: ———: ———: **Collateral Attack: Fraud.** The acts of bodies entrusted by law with the performance of certain specified proceedings on their face are regularly taken, and are not subject to attack, except in a direct proceeding for that purpose. In a mandamus proceeding attacking the validity of a county local option election, on the ground that a city included in the order of election had more than twenty-five hundred inhabitants by census regular on its face, such census cannot be attacked in the return on the ground of fraud.

4. ———: ———: ———: ———: ———: ———: **Pleading.** A motion for judgment on the pleadings does not admit the truth of matters not well pleaded, such as the fraud in taking a census ordered by the city council, set up in the return to a mandamus wherein a local option election is assailed. [Cases distinguished.]

5. ———: ———: ———: **Ordinance.** An ordinance ordering a census of the city is construed and held not to authorize the enumeration of all persons within the corporate limits, but merely the inhabitants of the city.

6. ———: ———: ———: **Estoppel.** The mere facts that the voters of a city voted at a local option election will not estop the city and its inhabitants from attacking the election on the ground that the city should not have been included in it.

7. ———: ———: ———: **Mandamus: Discretion.** Mandamus does not issue as a matter of course, especially where the rights of other parties may be affected, but when the relator shows himself to be entitled to such writ, it is not sound judicial discretion to deny it.

8. ———: ———: ———: **Citizens' Rights.** While a citizen may not have sufficient interest to attack a fraudulent census, such principle has no application to an individual seeking a dramshop license to which he is entitled, unless barred by a local option election.

Original Proceedings by Mandamus.

WRIT GRANTED.

*John A. Davis* with *R. T. Railey & Son* for relator.

(1) On the record presented to this court by the pleadings, mandamus is the only speedy, appropriate,

and adequate remedy, to settle the questions of law involved in this action. State ex rel. v. Turner, 210 Mo. 85; State ex rel. v. Meyers, 80 Mo. 601; Bean v. Barton County, 33 Mo. App. 636; Scarritt v. Jackson County, 89 Mo. App. 585; State ex rel. v. McCammon, 111 Mo. App. 630-633; State ex rel. v. Russell, 131 Mo. App. 638; State ex rel. v. Mitchell, not yet reported. (See printed opinion of Judge Goode on file in this court in case of T. N. Haynes et al. v. Cass Co. Court et al. (2) When acting within the limits prescribed by its Charter, and the Constitution and Laws of this State, the acts and proceedings of the council of said city of Pleasant Hill are as valid and binding as an act of the Legislature. Water Co. v. Lebanon, 163 Mo. 260. (3) Pleasant Hill census—conclusive in this proceeding—cannot be called in question collaterally. L. & M. Water Co. v. City of Lebanon, 163 Mo. 260; State v. Wilson (Mo.), 115 S. W. 566; State ex rel. v. Weatherby, 45 Mo. 20; State ex rel. Liechter v. Miller, 48 Mo. 252; Jeffries v. Wright, 51 Mo. 220; Hardin v. Lee, 51 Mo. 244; Johnson v. Beazley, 65 Mo. 264; Fulkerson v. Davenport, 70 Mo. 545. Ordinance—census—statutes authorizing census taken by city of Pleasant Hill. R. S. 1899, sec. 3028, 6300; Babb v. Bruere, 23 Mo. App. 607; Cooper v. Hunt, 103 Mo. App. 17; State v. Schenkel, 129 Mo. App. 237; Scott v. Crews, 72 Mo. 263; Gray v. Bowles, 74 Mo. 423; Colvin v. Six, 79 Mo. 200; State v. Evans, 83 Mo. 320, 322; Eppright v. Kauffman, 90 Mo. 27; Karnes v. Alexander, 92 Mo. 671; Nanson v. Jacobs, 93 Mo. 344; Roan v. Winn, 93 Mo. 512; Lingo v. Burford, 112 Mo. 155; Leonard v. Sparks, 117 Mo. 114 to 117; Union Depot Co. v. Frederick, 117 Mo. 148; McLaughlin v. Schultz, 125 Mo. 473; State ex rel. v. McKee, 150 Mo. 243; Howland v. Railroad Co., 134 Mo. 479; L. & W. Co. v. Lebanon, 163, Mo. 259, 260; Burnham v. Rogers, 167 Mo. 21; State ex rel. v. Job, 205 Mo. 32; K. C. ex rel. v. Winner, 58 Mo. App. 607; Kendrick v. Mfg.

Co., 60 Mo. App. 25; State Co. v. Cornice & Iron Co., 62 Mo. App. 575; Coleman v. Dalton, 71 Mo. App. 24; Sutton v. Cole, 73 Mo. App. 521; Livingston v. Allen, 83 Mo. App. 298; Weber v. Lane, 99 Mo. App. 80; Griesel v. Jones, 123 Mo. App. 57; Strobel v. Clark, 128 Mo. App. 55; State ex rel. v. Russell, 131 Mo. App. 638; Smith v. Lyle Rock Co., 111 S. W. (Mo. App.) 831; 1 Black on Judgments (2 Ed.), sec. 273; Freeman on Judgments (2 and 4 Eds.), secs. 523-4; Van Fleet on Collateral Attack, sec. 62; 17 A. and Ency. L. (2 Ed.), pages 1082, et seq.; Rassier v. Grimmer (Ind.), 28 N. E. 867; Hiatt v. Town of Darlington (Ind.), 53 N. E. 827; Davis v. Bickell (Ind.), 58 N. E. 208; Railroad v. Freeze (Ind.), 82 N. E. 762; Tullis v. Shaw (Ind.), 83 N. E. 378; Jones v. Leed (Ind.), 83 N. E., 527; Rice v. Travis (Ill.), 74 N. E. 802; Allured v. Voller (Mich.), 70 N. W. 1037; Miller v. Smith (Mich.), 73 N. W. 418; Am. Cop. Co. v. Stern (Mich.), 111 N. W. 766; Bartlett v. Railroad (Mass.), 81 N. E. 205; Hendrick v. Whittemore, 105 Mass. 28; Porter v. Purdy, 29 N. Y. 106; Roderingas v. Savings Insurance, 63 N. Y. 464; Hallock v. Dominy, 69 N. Y. 240; O'Connor v. Huggins, 113 N. Y. 517; Brown v. Lunt, 37 Me. 423, and cases cited; Ballard v. Thomas & A. (Va.), 19 Gratt. 14; Pulaski Co. v. Stuart B. & Co. (Va.), 28 Gratt. 872; Smith v. Borden (R. I.), 21 Atl. 351; Watson Co. v. C. Con. Co. (R. I.), 68 Atl. 311; Fowler v. Brooks (N. H.), 13 Atl. 418; Bickford v. Bickford (N. H.), 69 Atl. 581; Fagg v. Clements, 16 Cal. 389; Gregory v. Bovier, 77 Cal. 121; P. L. & T. Co. v. Mercer Co., 170 U. S. 601; Same Case, 42 L. Ed. 1160; Colomia v. Eaves, 92 U. S. 484; Same Case, 23 L. Ed. 579; Town of Venice v. Murdock, 92 U. S. 494; Same Case, 23 L. Ed. 583; Payne v. Moreland, 15 Ohio 436. (5) Judgments, Judicial Findings, Collateral Attack, Direct Attack in equity. Nichols v. Stevens, 123 Mo. 116; Lewis v. Williams, 54 Mo. 201; Smith v. Sims, 77 Mo. 273; Payne v. O'Shea, 84 Mo. 133; Murphy v. De-

France, 101 Mo. 157; Murphy v. DeFrance, 105 Mo. 64; Richardson v. Stowe, 102 Mo. 43; Stave Co. v. Butler Co., 121 Mo. 630; Nichols v. Stevens, 123 Mo. 116; Moody v. Peyton, 135 Mo. 482; Hamilton v. McLean, 139 Mo. 685; Bates v. Hamilton, 144 Mo. 11; Fears v. Riley, 148 Mo. 58; Burnham v. Rogers, 167 Mo. 21; State ex rel. v. Russell, 131 Mo. App. 638; Burkharth v. Stephens, 117 Mo. App. 433; Mahoney v. Insurance Co. (Ia.), 110 N. W. 1042; U. S. v. Throckmorton, 98 U. S. 61, 25 L. E. 93; Hamilton v. McLean, 139 Mo. 685. (6) Only those facts well pleaded, in the return, can be taken as confessed by the motion for judgment on the pleadings. Conclusions of law, as well as matters which cannot be considered, by the court in the disposition of the case, are not admitted, by the motion for judgment, to be true. Chemical Works v. Nemnich, 169 Mo. 397; Sidway v. Land Co., 163 Mo. 374; State ex rel. v. Adams, 161 Mo. 362. (7) Plea of estoppel—Pleasant Hill census—local option election—inhabitants of Pleasant Hill voting. R. S. 1899, secs. 3027; 3035; Nichols v. Bank, 55 Mo. App. 91; Dennis v. M. B. of America, 119 Mo. App. 221; Keeney v. McVoy, 206 Mo. 58; Konta v. Stock Exchange, 189 Mo. 38; Harrison v. McReynolds, 183 Mo. 548; Stealey v. K. C., 179 Mo. 407; Bank v. Ragsdale, 171 Mo. 185; DeBerry v. Wheeler, 128 Mo. 90; Blodgett v. Perry, 97 Mo. 272-5 inc.; Taylor v. Zepp, 14 Mo. 482; School District v. Dorton, 125 Mo. 444; State ex rel. v. Murphy, 134 Mo. 567, and cases cited; Stealey v. Kansas City, 179 Mo. 407; Perkinson v. Hoolan, 182 Mo. 193; Railroad v. Van-Horn, 57 N. Y. 476. (8) Local option election void as to Pleasant Hill; and likewise void as to Cass County outside of Pleasant Hill.

*J. S. Brierly, Jas. W. Suddath* and *Chas. W. Sloan* for respondents.

(1) The writ of mandamus does not issue as a matter of course, but only in the sound discretion of the

court.  State ex rel. v. Goodier, 195 Mo. 559; High Extr. Legal Remedies (2 Ed.), sec. 9; State ex rel. v. Railroad, 77 Mo. 143; State ex rel. v. Press Assn., 159 Mo. 410; State ex rel. Stifel v. Flad, 26 Mo. App. 500; State ex rel. v. Wilder, 211 Mo. 319, 19 Am. and Eng. Ency. (2 Ed.), 753.  (2) It will be denied in doubtful cases, or when it would in a collateral matter decide questions of importance between persons not parties to the proceeding upon whom its enforcement would entail great hardships and difficulties.  State ex rel. v. Cottengin, 172 Mo. 134; State ex rel. v. McIntosh, 205 Mo. 610; High on Extr. Rem., sec. 462 (2 Ed.); State v. Express Co. (Minn.), 104 N. W. 556; State v. Beck, 57 Pac. 935; Wieldwald v. Dodson, 30 Pac. 580; State v. Board of Comrs. Phillips Co., 26 Kan. 419; People v. Board of Assessors, 131 N. Y. 201.  (2) The writ will never be issued to enforce proceedings tainted with fraud or wrong doing.  State ex rel. v. Board of Health, 103 Mo. 22; State ex rel. v. McIntosh, 205 Mo. 599; Spelling Extr. Relief, sec. 1380.  (3) Prima-facie the local option law is in force in Cass county; the burden is cast on relator to show it is not in force in said county; for the purposes of the case the facts of the fraudulent census set up in the return are admitted to be true, and if true, the local option law is in force.  The relator then founds his legal right to a mandamus on a fraudulent census.  (4) The courts of this State have not hesitated in similar cases to scrutinize closely the facts where the public is interested and allowed great latitude in having the facts inquired into.  State ex rel. v. Wilder, 211 Mo. 305; State ex rel. v. Cartwright, 122 Mo. App. 257; White v. Million, 114 Mo. App. 77.  (5) The filing of a certified copy of census with the county clerk, as provided by sec. 3028, Revised Statutes 1899, which the statute says "Shall be proof of such fact," could at most only amount to prima-facie evidence.  Proof in the sense of the statute is synonymous with evidence.  2 Rapalje and Lawrence Law Dictionary, 1025; Ingles v. Schreiner,

32 Atl. 131, 58 N. J. Law 120; Githens v. Mount, 44 Atl. 851, 64 N. J. Law 166; Schloss v. His Creditors, 31 Cal. 201; Perry v. Railroad, 36 Iowa 106; Flowers v. Smith, (Mo.), 112 S. W. 510; State ex rel. v. Hickerson, 130 Mo. App. 55. (6) The census alleged to have been taken by Pleasant Hill was void, for the reason that the ordinance shows that it authorized by section 4 "a complete summary of the names and sex of all persons within the limits of said city of Pleasant Hill;" whereas by section 3028, Revised Statutes 1899, only a census of the "inhabitants of such town" could be taken. (7) This court may inquire into the fraudulent census of Pleasant Hill. State ex rel. v. Wilder, 211 Mo. 305; State ex rel. v. Cartwright, 122 Mo. App. 257; Haynes v. County Court et al., — Mo. App. —; Kehr v. Columbia et al., — Mo. App.—.

ELLISON, J.—This is an original application in this court for a writ of mandamus against the county court of Cass county requiring it to issue to relator a license to keep a dramshop in Harrisonville, a town in Cass county, which the court has refused to grant. It is conceded by the pleadings that the relator is a proper party to receive a license and that every requirement has been met as a prerequisite to a license and that a license should issue to him unless the county court is prevented from so doing by an election held in Cass county just prior to relator's application, which resulted in the adoption of what is commonly known as the local option law against the sale of intoxicating liquors at any place within the limits of the county. The validity of that election is the matter for decision.

The point made against the election relates solely to the fact that the city of Pleasant Hill, in Cass county, was included in the order of election. The local option statute (Secs. 3027, 3028, Revised Statutes 1899) requires that all cities of twenty-five hundred or more inhabitants in any county shall vote separately and that

they shall not be included in a vote by the remainder of the county. Relator claims that Pleasant Hill was a city of more than twenty-five hundred inhabitants when the election was ordered and held. A return was filed to the alternative writ and on that, in connection with the alternative writ itself, relator has filed a motion for judgment on the pleadings. In our opinion the face of the pleadings afford ground for a determination of the entire case and we will proceed to state the facts as therein shown, so far as they are applicable to the legal points involved in the election.

A proper petition, on its face, was presented to the county court on the 14th day of November, 1907, asking that an election be called in the county to vote on the question whether intoxicating liquors should be sold. The petition was properly signed by a sufficient number of signers and it was stated therein that there was no town or city within the county of twenty-five hundred inhabitants or more. On the day it was presented the county court made an order for an election in the entire county, to be held on the 14th of December, and recited in the order that there was no town or city in the county with twenty-five hundred or more inhabitants. On the next day after the order (November 15th) the city council of Pleasant Hill ordered a census to be taken of the inhabitants within its limits. The census was taken by an appointee of the council and return thereof made to the council showing the city to contain 2,569 inhabitants. A copy of this was filed with the county clerk on the 4th of December. Afterwards, on the 9th of December, certain citizens filed a motion in the county court asking it to set aside or recall its order for an election, calling the court's attention to the census taken of Pleasant Hill and stating that it was illegal to include that city in the election, or to receive petitions from citizens of such city asking for the election. This motion was overruled by the county court and afterwards on the 14th of De-

137 App.—45

cember, the day set by the order of the county court, an election was held, including Pleasant Hill, which resulted against the sale of intoxicating liquors anywhere in the county. After the election certain citizens again filed a motion with the county court in which they asked that the court set aside its orders and proceedings in regard to the election. This motion was likewise overruled.

After full consideration of the statute authorizing the adoption of local option laws against the sale of intoxicating liquors, we have concluded that the election in controversy here was clearly void. The statute provides that in counties having within their limits cities of twenty-five hundred or more inhabitants the election for adopting the law in the county shall be held in the county outside of such city; and for adoption of the law in the city, it shall be held exclusively in the city; the inhabitants of each not being allowed to vote at an election for the other. [Secs. 3027, 3028, R. S. 1899.] Pleasant Hill was in Cass county and according to a census taken by authority of the city it contained more than twenty-five hundred inhabitants. The election in the entire county was therefore manifestly in the face of the authority and direction of the statute.

But it is claimed by the respondent that Pleasant Hill did not have as many as twenty-five hundred inhabitants; or, at least, that it does not so appear on the face of the pleadings. It is true it appears by such pleadings that the petition and the order of the court for the election each state that there was no city in the county of that population. But it further appears that on the next day after the order the proper authority in Pleasant Hill began the taking of a census of the city, the return of which showed a population of more than twenty-five hundred, and that a copy of this was filed with the county clerk and the court's attention called thereto before the day set for the election, and that the county court refused to give heed to it and refused to arrest the order for the election in the entire county. The statute

seems to have made special provision for ascertaining
whether an election can be held in the entire county, or
whether it must be held separately from certain towns
or cities which may be in the county. In section 3028
there is the following: "Provided, that for the purpose
of determining the fact of whether or not any town shall
be governed by the provisions of this section, such body
having legislative functions therein may, under an ordi-
nance thereof, take a census of the inhabitants of such
town, and the result of such census shall be entered upon
the journals or records thereof, and such entry, or a certi-
fied copy thereof, shall be proof of such fact, and shall
be filed with the clerk of the county court of the county
in which such town is situated."

It thus appears that the proper authorities in Pleas-
ant Hill ascertained in the way pointed out by the statute
the right of such city to be excluded from any election
held in Cass county, and the county court should then
have countermanded the order for the election to the end
that citizens desiring such election might procure the
requisite petition signed by parties of proper residence
asking for an election within the limits allowed by the
law.

But since the provision made for a census by that
section of the statute seems to be based upon a local
option election held for the city only, it may be suggested
that it does not apply to a county election. If that be
granted it does not aid the respondent's case, for there
is further provision for a census found in another part
of the statute (Sec. 6300), where it is enacted that the
city may cause a census to be taken for the purpose of
authorizing such city to re-incorporate as its population
may entitle it to "and for any other purpose that the
laws may require, or have any other act or thing to be
done making the population a basis thereof." The sec-
tion further provides that all the courts of the State shall
take judicial notice of the population thus enumerated;
and that it shall apply to cities of the fourth class (to

which Pleasant Hill belongs) and to cities and towns under special charters. So it is clear that, in any event, the county court had the evidence before it of a duly authorized census by the authorities of Pleasant Hill. What we have written is directly supported by the case of State ex rel. v. Mitchell, recently decided by the St. Louis Court of Appeals and not yet officially reported (115 S. W. 1098), a case greatly like this, except that the relator was seeking a license in the city which should have been excluded from participating in the election, while the relator here is asking for a license in another part of the county.

Notwithstanding the return of respondents shows the proceedings of the county court and of the city of Pleasant Hill as herein indicated, yet it is insisted that they are not concluded by the census, or the legal results which ordinarily follow it, for the reason that they allege in the return that the census in point of fact was fraudulently taken, that is, it was padded with names of persons not inhabitants and that in reality there were not twenty-five hundred inhabitants of the city. The answer made by relator to this position is that the proceeding for taking the census, and the taking thereof, were had in and before a duly constituted body or tribunal especially empowered by law to do so, and that, as such, the result is not subject to collateral attack. Relator's view is sustained by a long line of authority to be found in his brief. Indeed it is a fundamental rule of law that the acts of a body entrusted by law with the performance of certain specified proceedings which on their face are regularly taken, are not subject to attack except in a direct proceeding for that purpose. This rule applies as rigidly to special and inferior bodies as it does to superior courts. In most instances presumptions upholding proceedings in superior courts will not aid omissions in proceedings of those of inferior grade. But where the record of the latter, on its face, is regular, it is not subject to collateral attack. In such instance

the matter of power and dignity of the body does not enter into the question. [State ex rel. v. Wilson,,—Mo.—, 115 S. W. Rep. 549; Lingo v. Burford, 112 Mo. 149; Jeffries v. Wright, 51 Mo. 215; State v. Evans, 83 Mo. 319; Union Depot Co. v. Frederick, 117 Mo. 148; Light & Water Co. v. Lebanon, 163 Mo. 259; 1 Black on Judgments, sec. 273; Freeman on Judgments, sec. 523; Van-Vleet on Collateral Attack, secs. 62, 468.]

Therefore respondent's allegation of fraud in the census was the assertion of matter which could not be made an issue in the present case. It was foreign matter, good enough in a case where such charge could be investigated, but which should not find place here where those concerned in such issue are not parties. It follows that the allegation of fraud in the census was not confessed by the relator's motion for judgment. Matter not well pleaded need not be denied and is not confessed. [State ex rel. v. Adams, 161 Mo. 349, 363.]

But it is said that fraud in taking a census has been allowed to be shown in a collateral proceeding such as this, and the cases of State ex rel. v. Wilder, 211 Mo. 305, and State ex rel. v. Cartwright, 122 Mo. App. 257, are cited in support of the statement. We cannot see where the former has any application whatever. There was no proof in that case of a census while here each party sets forth the census in the pleading. In the latter case there had been two enumerations of school children by the school district clerk and the contest was as to which the school board should recognize. The first one was the subsisting enumeration when the right to the school was demanded and when the alternative writ of mandamus was applied for and granted. The majority of the court held that the first one taken was the subsisting enumeration which had been acted on theretofore by the board and that the latter was a pretense to avoid the first after the accruing of the right to the school. While here, as we have just stated, the one census, regular upon its face, is conceded by the pleadings.

Laying aside the point made as to fraud, the re-spondents pleaded that the ordinance, which is set out in full, on its face shows the census to be illegal in that it provided for the enumeration of "all persons within the corporate limits of said city of Pleasant Hill," instead of all the inhabitants of such city, and thereby author-ized an enumeration of those who might be in the city but were not inhabitants. While the phrase quoted is used in one of the sections of the ordinance, yet the body of the ordinance shows beyond question that it only au-thorized and directed an enumeration of the inhabitants. The first section, containing the direction for a census, orders it to be of the "inhabitants;" and the return of the census itself shows it to be of the inhabitants.

In this connection there was a plea of estoppel against Pleasant Hill and its inhabitants, set up in the return and founded upon the allegation that the voters in that city voted at the election. But such plea was a mere legal conclusion of respondents and is not admitted by a failure to deny. [Knapp v. St. Louis, 156 Mo. 343, 352.] The return shows that authorities of that city have from the outset combatted the right to hold the election in that city. This case, as represented by the parties to the record does not afford ground for any ele-ment of estoppel to stand upon. The cases of State ex rel. v. Robinson, 129 Mo. App. 147, and State ex rel. v. Hickerson, 130 Mo. App. 47, are unlike this case and are without application.

We are reminded by respondents that the right to a writ of mandamus is not absolute and that it should not issue as a matter of course; that in many instances where, if granted, it would probably interfere with the rights of other parties, it should be refused. This sug-gestion is supported by authority cited by respondents, and we have no disposition to question it; on the con-trary concede it. But the discretion used in determining the right to the writ is a sound judicial discretion to be exercised within established rules of law. In this State

the established precedent in the supreme and appellate courts is to use the writ in compelling the issuance of a license where the applicant shows himself to be entitled to it. [State ex rel. v. Turner, 210 Mo. 77; State ex rel. v. Meyers, 80 Mo. 601; State ex rel. v. McCammon, 111 Mo. App. 626; Bean v. County Court, 33 Mo. App. 635.] And in such proceedings by mandamus the applicant for license may attack the validity of a law held to debar him by the county court. [State ex rel. v. Turner, *supra.*]

A suggestion is made that "no citizen has authority by an action of any kind to test the validity of the alleged fraudulent census for the reason that he has not sufficient personal interest to give him a right to bring the action." The cases of Haynes v. Cass County Court, 135 Mo. App. 108, and Kirk v. Columbia, —Mo. App.—, are cited in support of the point. Those were cases brought directly for the purpose of testing the validity of an election while this is for the purpose of securing a license to an individual to which it is conceded he would be entitled unless barred by an election. The cases are not applicable.

The result following the foregoing views is to declare that the local option election not having been held in accordance with the express terms of the statute, it does not disable relator from obtaining the license applied for, and that being the only reason for refusal, a peremptory writ will issue directing that a proper license be granted. The other judges concur.