## JOHN HALTER et al., Appellants, v. JOHN L. LEONARD et al.

Division Two, November 23, 1909.

1. **PUBLIC ROAD: Petition: Names of All Landowners.** Where the petition is accompanied by the names of all resident persons owning land through which the proposed road is to be run, the county court does not fail to acquire jurisdiction simply because the petition itself does not contain these names. The statute does not require that.

2. ———: ———: ———: **Question for County Court.** Jurisdiction is conferred by the statutes upon the county court to pass upon the sufficiency of a petition for the establishment of a public road, and to find, as a matter of fact, that it was accompanied by the names of all persons through whose land the proposed road is to run.

3. ———: **Survey by Deputy Surveyor.** The proceedings of the county court establishing a public road will not be held void in an injunction because the report of the county surveyor was made by his deputy in the name of his principal instead of by the principal himself. All official acts done by a deputy should be done in the name of the principal.

4. ————: **Appeal: New Assignment: Attorney's Fee.** An as-
signment that an allowance of attorney's fees to the petitioners
for a road, established at the expense of the county, was un-
authorized, made for the first time in the briefs, and not as-
signed as a ground in the motion for a new trial, is not avail-
able in the appellate court. Besides, an allowance of such a
fee, after final judgment had been rendered, after a full hearing,
and after all damages had accrued and been adjudged, is not ob-
jectionable.

Appeal from Buchanan Circuit Court.—*Hon. C. A.
Mosman*, Judge.

AFFIRMED.

*Mytton & Parkinson* and *C. C. Crow* for appel-
lants.

(1) This is a proceeding to condemn the land of
plaintiff and intervenors for an alleged public road,
and "it has been uniformly held by this court in pro-
ceedings to condemn private property for public use,
that unless it affirmatively appeared upon the face of
the proceeding that every essential prerequisite of
the statute conferring the authority has been com-
plied with, such proceedings will be void." In re
Bledsoe Hill, 200 Mo. 642. (2) There is no pretense
in this case that the statutory provisions (sec. 9414),
requiring the petition to be accompanied by the names
of all the persons owning land to be taken for the
public road, was complied with, and in fact the inter-
vening petition showing that there were thirteen land-
owners whose land was being taken, four of whom
were minors, who were not named or referred to in
any of the proceedings in the county court from the
filing of the petition to final judgment, the rule stated
in point one being applied, all the proceedings of the
county court are absolutely and wholly void. R. S.
1899, sec. 9414. The fact is that the petition filed with
the county court is void of all allegation with refer-
ence to this specific requirement of the statute except

Halter v. Leonard.

the general allegation that all persons owning land
are named therein, but there is no pretense that any
of them are named as such land-owners or the amount
of damages claimed by the land-owners, and a com-
pliance with this statute should be strictly enforced
in this case in accordance with the rule announced
by the case cited in point one. The Stock heirs were
not parties to the suit in any sense of the word, and
the statute requiring all land-owners to be parties
to the proceeding under the statute, must necessarily
be void.

*Luke H. Moss* for respondents.

Plaintiffs' abstract of record, among other find-
ings made by the county court on the 28th day of
April, 1905, says: "That said petition is accompanied
by the names of all the resident persons owning land
through which said proposed road runs, together with
the amounts of damages claimed by them, so far as
can be ascertained," etc.; "the court further finds that
said proposed road is a great public necessity, is prac-
ticable," etc. This solemn finding of the county court,
to which tribunal this matter has been committed by
law, and which can and should be tried anew on appeal
in the circuit court, where the road case is now pend-
ing, shows plainly that plaintiff had an ample and an
adequate legal remedy, and that injunction was un-
necessary, and that the circuit court did right in its
finding. Railroad v. Maddox, 92 Mo. 471; Shelbina
Hotel Assn. v. Parker, 58 Mo. 327; Kelly v. Hurt, 74
Mo. 561; Bobb v. Graham, 89 Mo. 200.

GANTT, P. J.—On the 6th of February, 1905,
John A. Lynch et al. filed with the clerk of the county
court of Buchanan county, a petition to establish and
open a county road in said county. The petitioners
allege that they were citizens of said county and at
least twelve of them were duly qualified and competent
adult petitioners, resident of and owners in their own

proper rights of lands in the municipal townships through which said proposed road was to be located, three of whom resided in the immediate neighborhood of said proposed road. They stated that the said road was to be thirty feet in width and would be located in the townships of Agency and Washington in said county and was of great public utility and was not a change of a previous location, and that the begining, courses and termination thereof, with not less than two points named on the direction of said public road, are as follows: "Begining at the quarter section corner between sections 7 and 8 in township 56 of range 34 in center of public road and run north with section line 106 2-3 rods to a point and thence west 80 rods and thence north 53 1-3 rods to the north line of section 7, and thence north to a point due east of the center of section 6, and thence west to the center of section 6, and thence north to the north line of section 6, in same township and range, and thence west 4 chains and 64 links to quarter section corner south line of section 31 in township 57 of range 34, and thence due north with section line to Garretsburg road in section 31 aforesaid." The petition further avers that this road whenever practicable would run along government surveys, and that this petition was accompanied by the names of all the residents and other persons owning lands through which said proposed road would run, and also names of all who were willing to give the right of way for said public road. And they prayed for the establishment of said proposed public road and for all proper relief. At the time of the filing of said petition, said John A. Lynch et al., whose names were subscribed thereto, filed with the clerk of the county court a notice of said intended application for the location of said road, whereby notice was given that on February 6th, 1905, at the regular February term, they would present said peti-

tion for said public road to the county court of said county. This petition was filed and proof of legal notice was made on the 6th of February, 1905, and the court set the cause down for hearing on the 27th of February, 1905. On the 20th of February, a re- monstrance was filed by the plaintiffs and others with the county clerk of the county of Buchanan against said road. The hearing was had on said petition and remonstrance on the 28th of April, 1905, on which said last named date the county court found that the said proposed road was of great public necessity, was practicable, and that the facts justified the location of the road at the expense of the county, and ordered the road commissioner to view, survey and mark out said proposed road and report his proceedings in the premises at the next term of the said court to be begun in May, 1905. In obedience to the order of the court, the county surveyor on the first of May, 1905, made his report, in which he stated the names of the land- owners who gave the right of way, and of those who claimed damages, and named as among those who de- clined to state what damages they claimed, John Halter, Mrs. J. G. Adams and the heirs of the Stock estate. He also filed his estimate of the cost of building the bridges and culverts and grading said road, and filed with his report a plat which showed the owners of the land and the numbers thereof. Thereupon the court appointed J. L. Leonard, W. J. Wilson and David Turner, commissioners to assess damages on said road and to report their findings to the August term of said court. The report of these commissioners was afterwards filed, in which it ap- peared that John Halter, the plaintiff herein, was al- lowed damages to the amount of thirty dollars, by the running of the said road on the south side of the southwest quarter of the northeast quarter of section 6, township 56, range 34. The record then shows that the report of the commissioners was approved by the

court, and exceptions were filed by the plaintiff Halter et al., a jury waived, and the plaintiff's exceptions overruled, and thereupon the plaintiff on behalf of himself and others was granted an appeal to the circuit court of Buchanan county. Pending the said appeal in the circuit court, the plaintiffs commenced this suit in the circuit court of Buchanan county to obtain an injunction against the judges of the county court and the county surveyor and Peter Olson, the road commissioner, to enjoin and restrain them from taking, or attempting to take, any part of the plaintiffs' lands for the purposes of said proposed roads as described in said petition in the county court. On January 20, 1906, the defendants filed their answers, in which they denied each and every allegation complained of in the plaintiffs' petition, and prayed that the temporary injunction issued be dissolved. Thereupon the cause was heard in the circuit court and on March 10, 1906, the court found for the defendants, and ordered that the restraining order theretofore made in the cause should remain in force pending the appeal to this court, plaintiffs having taken the proper steps for prosecuting this appeal to this court.

I. The plaintiffs rely upon practically two grounds only for the reversal of the judgment of the circuit court dissolving the temporary injunction and dismissing the bill.

The first insistence is that the county court acquired no jurisdiction of the proceedings to establish the public road in question for the reason, as alleged, that the petition did not contain the names of all the persons owning land which would be taken for the said public road. By reference to section 9414, Revised Statutes 1899, it will be noted that there is a proviso therein in these words: "Said petition shall be accompanied by the names of all resident persons owning land through which said proposed road or change of road shall run, with the amount of damages claimed

by them, so far as can be ascertained, and also the names of those who are willing to give the right of way for said proposed road or change of road." In the petition filed in this case for the opening of this road, it was alleged, "This petition is accompanied by the names of all residents and other persons owning land through which said proposed public road shall run, with the amounts of damages claimed by each of them so far as can be ascertained, and also by the names of all those who are willing to give the right of way for said proposed public road." And the county court upon the final hearing of this petition and application found as a matter of fact that said petition was accompanied by the names of all the resident persons owning land through which said proposed road would run. There is no warrant in the statute for the contention that the petition itself should contain these names. Full and complete jurisdiction was conferred upon the county court to pass upon the sufficiency of this petition, and to find as a matter of fact that it was accompanied by the list of land-owners as provided by the statutes. As said in Baubie v. Ossman, 142 Mo. l. c. 505, "The county court having the exclusive jurisdiction for the laying out and opening public roads and having acquired jurisdiction in this particular case by the notice and petition, its findings and judgment are not open to collateral attack, and its judgment is entitled to every presumption in its favor. [Lingo v. Burford, 112 Mo. 149; Snoddy v. Pettis County, 45 Mo. 361; Rose v. Kansas City, 128 Mo. 135.]"

II. The contention that the proceeding was void and open to this collateral attack because the report of the county surveyor was made by his deputy in the name of his principal, and not by the principal himself, is equally untenable.

By section 10194, Revised Statutes 1899, it is pro-

vided that "deputies may be appointed by any surveyor, who, before they proceed to discharge their duties, shall take an oath well, truly and faithfully to discharge the duties of deputy surveyors." It is a well settled rule of law that all official acts done by a deputy should be done in the name of the principal. "A deputy is one who, by appointment, exercises an office in another's right, having no interest therein, but doing all things in his principal's name, and for whose misconduct the principal is answerable." [9 Amer. and Eng. Ency. Law (2 Ed.), 369; Carter v. Hornback, 139 Mo. 238.]

In regard to the assignment, found in the brief for the first time, that the allowance for attorney's fees to the respondents was unauthorized, it is sufficient to say that no such ground was assigned in the motion for new trial or in the regular assignments of error. Nor do we see any objection, any way, to the allowance of this fee, because it was only allowed after a final judgment had been rendered, after a full hearing of the cause, and after all the damages, including the attorney's fees, had accrued up to that time.

It follows that the judgment of the circuit court dissolving the injunction is sustained and affirmed, and that the final order continuing said injunction in force until the disposition of this appeal, should be, and is set aside, and the judgment in all other respects affirmed. *Burgess* and *Fox, JJ.*, concur.