STATE OF MISSOURI, Respondent, v. JACK EDWARDS, Appellant.

**Kansas City Court of Appeals, January 17, 1916.**

1. **INTOXICATING LIQUORS: Local Option Elections: Jurisdiction of County Court: After Valid Election no Subsequent Election within Four Years: Contest of Elections.** In a prosecution for violation of the Local Option Law the State offered in evidence the record of an election resulting in prohibition held in June, 1913. The defendant objected to the record and, as a part of his objection, offered the record of an election, resulting in the defeat of prohibition, in March, 1912, which was less than four years prior to the election relied upon by the State. The trial court refused to admit the record of the first election, overruled the defendant's objection and admitted the record of the latter election; *held*, that the Legislature, having provided a method of contesting local option elections and the results thereof, that method is exclusive, and the record of the election as shown by the record of the county court is not open to collateral attack.

·2. ———: ———: ———: **Judgments.** The acts of the county court in entertaining a petition for a local option election in determining the petitioners and the sufficiency thereof, and in calling a local option election, are judicial in their nature and the record of the county court made therein partakes of the nature of a judgment.

3. ———: ———: ———: **Collateral Attack.** And the orders or judgment so made are not open to collateral attack.

*Appeal from Chariton Circuit Court.—Hon. Fred Lamb, Judge.*

AFFIRMED.

*Roy W. Rucker* for appellant.

*Roy W. McKittrick* and *John D. Taylor* for respondent.

TRIMBLE, J.—This is a prosecution for a sale of intoxicating liquor in violation of the Local Option Law which the State claims is in force in Chariton county. The indictment was returned on the 8th day of February, 1915. The offense is charged to have been committed on the first day of August, 1914. The sole defense was that the Local Option Law was not in force in Chariton county when the sale was made. Defendant was convicted and fined $300. The only question presented by his appeal is whether or not the election, at which Chariton county is said to have adopted local option, was valid.

The State introduced a record of the county court of that county showing that on the 7th day of May, 1913, a lawful petition, in regular form and bearing the requisite number of signers, was presented to the court. Said county court record further showed all the necessary orders directing the holding of a due and regular local option election in said county on the 7th day of June, 1913. It also showed that said election was held in due and regular form on said date, resulting in a vote "against the sale of intoxicating liquor" by a majority of 184; that all the necessary steps, required by the statute, pertaining to the counting, returning and canvassing of the vote, the declaration of results and the publication of notice, were taken and duly entered of record. There is no flaw in the record, nor any defect or infirmity in the proceedings so far as the record itself is concerned or in the proceedings disclosed thereby. On its face, and considered by itself, it shows that a valid election was held in said county on June 7, 1913, at which the county declared for prohibition, and that the same was duly put in force by proper notice.

The defendant objected to the introduction of this record, and, in connection with his objection, offered in evidence a record of the county court pertaining to an alleged local option election held on March 18, 1912, resulting in the defeat of prohibition by a majority of 99. The trial court refused to admit this record in evidence, and, overruling defendant's objection to the record offered by the State, admitted it in evidence. The defendant's contention is that since the record offered in evidence by him shows on its face a valid election, in which the county went "wet," on March 18, 1912, the election held on June 7, 1913, wherein the county went "dry," was and is a nullity since it was held within four years after the first election, in violation of section 7244, Revised Statutes 1909, which reads as follows:

"Whenever the election in this article provided for has been held, and decided either for or against the sale of intoxicating liquors, then the question shall not be again submitted within four years next thereafter in the same county or city, as the case may be, and then only on a new petition and in every respect conforming to the provisions of this article."

In reference to the first election, the defendant offered nothing except the county court record, and made no attempt to show that the validity of said first election, as established by said record, had remained unimpeached down to the time of the ordering of the second. There is a statement in respondent's brief that shortly after this first election it was declared invalid by the circuit court of that county in an action therein instituted, from which judgment an appeal was taken which was soon after dissmissed. We have carefully searched the record but are unable to find therein any reference to such fact, and for this reason we will not take it into consideration in determining this case, as it is our duty to consider it solely upon the record as presented, especially in view of what the attorney for

the other side has said concerning the propriety of making such unsupported statement. We refer to it only in order to show that we have not attached any importance to it.

The acts of the county court in entertaining a petition for a local option election, in determining the qualifications of the petitioners and the sufficiency thereof, and in calling a local option election are judicial in their nature, and the record of the county court made therein partakes of the nature of a judgment. [State v. Gamma, 149 Mo. App. 694, l. c. 704.] And the orders or judgment so made are not open to collateral attack. [State ex rel. v. Wilson, 216 Mo. 215; Desloge v. Tucker, 196 Mo. 587, l. c. 601; School District v. Chappel, 155 Mo. App. 498; State ex rel. v. County Court of Cass County, 137 Mo. App. 698; 17 Am. and Eng. Ency. of Law (2 Ed.), 1055.]

The jurisdiction or power of the county court over the subject-matter of local option elections is conferred by section 7238, Revised Statutes 1909. The presentation of a petition properly signed calls the court's jurisdiction in the particular case into action or exercise. [State v. McCord, 207 Mo. 519, l. c. 526; State ex rel. v. Bird, 108 Mo. App. 163.] Now when the petition calling for the election of June 7, 1913, was presented, if as a matter of fact a valid election on that subject had been held within four years prior thereto, the county court was required by section 7244, Revised Statutes 1909, to decline to call the election, but the jurisdiction of the county court over the subject-matter was not destroyed. Its power to call the election was merely dependent upon the fact whether a valid election had been held within four years. Section 7244 evidently means a *valid* election, for a *void* election is no election and cannot prevent a subsequent one. [State ex rel. v. Rinke, 140 Mo. App. 645, l. c. 663; Taylor v. Cook, 143 S. W. 1055.] Hence the act of the county court in calling the election of June, 1913, was not void

for want of jurisdiction but only voidable in case the former election was valid. [Smith v. Black, 231 Mo. 681, l. c. 693.] There is a distinction, which should always be observed, between jurisdiction over the subject-matter and the exercise of jurisdiction in the particular proceeding. [17 Am. & Eng. Ency of Law (2 Ed.), 1042.] This distinction turns upon the difference between a wrongful execution of power to hear and determine, which renders the judgment merely voidable, and a lack of power to hear the matter at all, which renders it absolutely void. [17 Am. & Eng. Ency. of Law (2 Ed.), 1048.] The act of the county court in calling the election of June, 1913, was an exercise of the jurisdiction it had over the subject-matter of local option elections, and, therefore, its act was not absolutely void, a mere nullity, to be disregarded and called in question by anyone upon any and every occasion or by the collateral attack the defendant now makes upon it.

The existence of the first judgment of the county court, which, on its face, establishes an election held in March, 1912, does not change the situation. The presumption is that the county court heard and acted upon the petition in entire accordance with law and made the second order in obedience thereto and in accordance with its duty, and that since the first election something must have happened which allowed the court to grant the second petition without violating section 7244. For while the rule is that there is no presumption in favor of the jurisdiction of courts of special and limited jurisdiction, that rule applies only to their jurisdiction over the subject-matter. If the court has such jurisdiction and the record discloses the facts necessary to call the court's jurisdiction over the particular case into action, then the same presumption exists that the court acted properly as in the case of courts of general jurisdiction. The judgment estab-

192 App. 27.

lishing the second election was therefore only voidable upon a certain contingency, and, being valid on its face was good until set aside or questioned in the manner provided by law.

Now, the Legislature in 1909, provided a method by which the validity of the election authorized and established by this judgment could be questioned, by adding to section 7242, Revised Statutes 1909, the following:

"The election in this article provided for, and the result thereof, may be contested in the same manner as is now provided by law for the contest of the elections of county officers in this State by any qualified voter of the municipal body or of the county in which said local option election shall be held by an action to contest as herein provided, and which shall be brought against the municipal body or the county holding said election."

In the case of State ex rel. v. Ross, 161 Mo. App. 671, l. c. 682, it was held by the Springfield Court of Appeals that where a specific remedy for contesting elections has been provided by statute, that mode alone can be resorted to, and where a direct method for impeaching a local option election has been provided by law, its validity is not open to impeachment or attack in collateral matters. This case went to the Supreme Court and is reported in 245 Mo. 36. The ruling of the Springfield Court of Appeals was upheld, the Supreme Court saying that the statutory remedy by contest was exclusive, and did so in language so broad and emphatic that we are not disposed to hold the ruling inapplicable to the case at bar. The language used at page 45 is in our opinion susceptible of no other interpretation. This is especially so in view of the fact that the reasoning of the court proceeds upon the theory that the right to sell intoxicating liquor is not a natural, vested, or a constitutional right. It is purely statutory. The Legislature having the power

to authorize an election to determine whether or not intoxicating liquor shall be sold, has also the power to provide a means for contesting such election. The whole matter being statutory the statutory remedy is exclusive. Our view as to the breadth and scope of the ruling in the Ross case is strengthened by what is said in State ex rel. v. Carter, 257 Mo. 52, l. c. 82. To the same effect see Miller v. State, 161 S. W. (Texas) 128; Longmeyer v. State, 171 S. W. 1165; Rhodes v. State, 172 S. W. 252; Moffitt v. People, 149 Pac. 104; Woodward v. State, 103 Ga. 496.

The judgment is, therefore, affirmed.    All concur.