STATE OF MISSOURI, at the relation and to the use of MINNIE H. CLINKSCALES, Appellant, v. LEWIS A. SCOTT, and ALVIN GOODSON and C. A. SCOTT, Respondents.

In the Kansas City Court of Appeals, April 7, 1924.

1. **CLERKS OF COURTS: Bond: Judgment: Collateral Attack: Answer of Clerk in Suit upon Bond to Recover Money Deposited with Him as Damages Awarded in Pursuance of Judgment in Drainage Condemnation Proceeding Held Collateral Attack upon Said Judgment.** Where damages in a drainage condemnation suit were awarded to plaintiff, personally, and were under section 4405, Revised Statutes, 1919, paid into hands of defendant, clerk of circuit court, who refused upon demand to pay same to plaintiff, *held* that answer of defendant in suit on his official bond based on such refusal which alleged that plaintiff was not the owner in fee of the real estate condemned, but merely of an estate for life, so that plaintiff was not entitled to the money individually, but as trustee for remainderman, *held* a collateral attack upon judgment rendered in condemnation suit and refusal of defendant to pay, as required by sections 2112 and 2122, Revised Statutes 1919, was a violation of his duty and bond.

2. **COURTS: Equity: Judgment: Court of Equity Has no Authority to Overhaul Record of Another Court for Error of Law or Fact.** A court of equity has no rightful authority to overhaul the record of another court for any error of law or fact committed by that court and an attempt to do so is collateral.

3. **———: ———: Where no Fraud Appears, Charge of Error not Sufficient to Warrant Court in Setting Aside Judgment of Another Court of Equal Jurisdiction.** Where no fraud appears, a charge of error is not sufficient ground to warrant a court in setting aside the judgment of another court of equal jurisdiction.

Appeal from Circuit Court of Randolph County.—*Hon. A. W. Walker,* Judge.

REVERSED AND REMANDED (*with directions*).

*Frank P. Sebree* and *M. J. Lilly* for appellant.

*Franken & Timmons* for respondents.

ARNOLD, J.—This is a suit on the bond of defendant, clerk of the circuit court of Carroll County, Mo., to recover the sum of $1500 deposited with said clerk for relator in pursuance of a judgment rendered in said county in a drainage suit wherein a right of way over and through certain lands of relator was condemned to the Wakenda Township Drainage District, and taxes in the nature of benefits were assessed against said lands to the amount of $2412, and damages in the sum of $1500 adjudged to be paid to relator. Only the last named item is involved in this suit.

The record discloses that the lands involved in said drainage suit had been owned by Robert H. Clinkscales who died in 1890 and by his will devised said lands to Robert Clinkscales, for and during his lifetime, and after his death to Minnie H. Clinkscales for and during her natural life, or widowhood, and upon her death or remarriage, to go to the children of Robert Clinkscales. Robert Clinkscales had only one child, Romeo Hughes Clinkscales, now living. Thereafter, Robert Clinkscales conveyed his right, title and interest in and to the said lands to relator.

The parties agree that the proceedings were legal by which the right of way through and across said lands was secured to the Wakenda Township Drainage District of Carroll County, Mo. The $1500 in controversy was awarded by a judgment of the circuit court of Carroll County, Mo., amending and confirming the commissioner's report in the proceedings under article 1, chapter 28, Revised Statutes 1919. Relator herein filed exceptions in her own behalf to the award of the said commissioners. The judgment of the court upon rela-

tor's exceptions, in so far as it applies to the award of damages and compensation for right of way is as follows:

"The hearing upon the exceptions of Minnie H. Clinkscales, the owner of the following described real estate, to-wit: . .. . to said report, having been taken and a jury having been waived, the court finds and adjudges that the benefits to the property of said exceptor as fixed by the commissioners in their report are excessive, and the description of the property assessed and the amount of benefits to said property, as found by the court, is as follows:" (Then follows, as a part of said judgment, a schedule and description of the several parcels assessed, together with the amount of benefits assessed against each parcel in the total sum above indicated.)

"It is further adjudged and decreed by the court that the value of the property of exceptor taken for right of way as found by the commissioners is sufficient, and the value of said right of way and the number of acres of said right of way is hereby fixed by the commissioners in their report. And it is further adjudged and decreed that the taking of said rights of way is necessary for the carrying out of the plan for reclamation of said District and the title thereto is hereby vested in said Drainage District upon the payment of the value thereof to said exceptor as herein adjudged and decreed, and said land is hereby condemned and the title thereto vested in said District as aforsaid.

"The court further finds and adjudges with reference to the lands of said Exceptor, that the damages allowed to the following described read estate by reason of the carrying out of the plan for reclamation is allowed in said report of said commissioners, is insufficient, and the damages to said land adjudged is as follows:

(Then follows, as part of the judgment, a schedule and description of land damages and the damages to each tract.)

"It is further adjudged and decreed that the report of the commissioners be and the same is hereby modified to the extent above stated and all other exceptions of said exceptor thereto are overruled, and the same is in all other things approved and confirmed. . . ."

There is also embraced in said decree a finding setting forth the amount of benefits, damages and compensation for right of way to each tract, naming relator as the owner thereof.

It is proper to state at this point that relator was the only exceptor to the report of the commissioners, and the decree of the circuit court of Carroll County placed the ownership to the described lands in her.

The $1500 damages in controversy herein was paid by the board of supervisors of the Drainage District into the hands of Lewis A. Scott, clerk of the circuit court of Carroll County, under the provisions of Section 4405, Revised Statutes 1919 (Laws 1913, p. 232), which gives said supervisors the option of paying it direct to the owner of the lands damaged, or paying it over to the clerk of the circuit court. Demand was made by relator upon said Lewis A. Scott for payment to her of the amount, of said damages, upon the ground that under the decree of the circuit court of Carroll County, supra, she was personally awarded said amount. Payment to her was refused and this suit was accordingly instituted against Scott on his official bond. The cause was transferred, on change of venue, to the circuit court of Randolph County, where defendants filed an amended answer; whereupon plaintiff filed a motion for judgment on the pleadings which the court sustained and rendered judgment for plaintiff. Said judgment is in the following language:

"Now at this day, this cause coming on to be heard upon motion for judgment on the pleadings, and the pleadings, issues and arguments having been seen, heard and considered, the court doth find that plaintiff on the face of the pleadings is entitled to judgment for $5000,

the penalty of the bond sued upon, and to execution in favor of relator, for herself as trustee for remainder-man under the will of Robert H. Clinkscales, deceased, in the sum of $1530.

"Wherefore it is ordered, adjudged and decreed that plaintiff have and recover of defendant the sum of five thousand dollars, the penalty of said bond, and execution in favor of relator for herself and as trustee for remainder-man under the will of Robert H. Clinkscales, deceased, in the sum of fifteen hundred and thirty and no/100 dollars and for lawful costs incurred therein."

Thereupon plaintiff filed a motion in arrest and to modify said judgment, upon the general grounds that the judgment is erroneous in that it adjudges that after the payment of said money to plaintiff, she shall hold it for herself and as trustee for the remainderman under the will of Robert H. Clinkscales. The said motion was overruled by the court and plaintiff appeals.

It is urged by relator that the judgment rendered by the circuit court of Randolph county ignored and denied plaintiff's rights as fixed by the final judgment of the circuit court of Carroll county, which said judgment was pleaded and admitted in both the petition and the answer, and that the court erred in overruling plaintiff's motion to correct said judgment. Defendant's position in this respect is reflected in the following clause of the amended answer:

"The defendants further state that after the receipt of said sum of fifteen hundred dollars from the said Drainage District, the defendant, Lewis A. Scott, as such circuit clerk, was notified that the relator, Minnie H. Clinkscales, was not the owner in fee simple of said real estate, but only the owner of an estate for and during the life of Robert Clinkscales and for and during her life or widowhood should she survive the said Robert Clinkscales; that the attorney for said Drainage District notified the said defendant, Lewis A. Scott, that the said award of fifteen hundred dollars was made by agreement and was allowed as full compensation for the whole title

to .the right of way and the damage to all of said land by reason of the construction of said improvements, and that said sum of money should be paid to all of the owners of said real estate, as provided by article 1, of chapter 28 of Revised Statutes 1919, under which said district was organized."

The amended answer further states that defendant Scott was uncertain as to who was entitled to the $1500 in his hands, and that he made a tender of the amount into court for such distribution as the court might decide was proper therein, in equity and good conscience. The prayer of the answer is that Scott be allowed to pay the money into court and that relator, Minnie H. Clinkscales, be restrained from further prosecuting this suit, and that she and Romeo Hughes Clinkscales and the Drainage District be compelled to interplead for said sum.

As we read the record and briefs, the only question for our review is as to the purpose and meaning of the final judgment of the circuit court of Carroll County. There seems to us but one construction to be placed upon that judgment, to-wit, that relator was awarded the damages involved. The only party plaintiff in that suit was relator herein and no appeal was taken from said judgment. It does not appear that any steps were taken to have the remainderman included as a party thereto, or to have the judgment modified. Defendant Scott refused to pay the money over to relator to whom the judgment of the court, as we read it, declared it belonged, and sought to have the parties interplead for it This forced upon relator the necessity for bringing suit, which she did, pleading the judgment of the Carroll circuit court as the basis thereof.

The amended answer of defendant is, in effect, a collateral attack upon said judgment. That this may not be done is clearly the law in this State. In the case of Enterprise Fur. Co. v. Davidson, 211 Mo. App. 664, 667, this court held:

"The general rule in respect to jurisdiction is that if the court has jurisdiction of the parties and the subject-matter of the cause of action, its jurisdiction cannot be impeached in a collateral proceeding for errors or mere irregularities." [Citing Colvin v. Six, 79 Mo. —; Hardin v. Lee, 51 Mo. 241; Merrick v. Merrick, 5 Mo. App. 123.]

In that opinion this court followed the rule declared in Fitzgerald v. Road District, 195 S. W. 695, 697, a case decided by the Supreme Court, as follows:

"Where the court had jurisdiction over the subject-matter and person of plaintiff as in this case, and where the record affirmatively recites the facts necessary to confer jurisdiction, the judgment of said court in respect to such matter, is not only conclusive in a collateral proceeding like this, but would be equally so in a direct proceeding in equity to set aside the judgment, unless it appears that fraud was practiced in the very act of obtaining the judgment." [See, also, State v. Edwards, 192 Mo. App. 413, 182 S. W. 816; State ex rel. Wirt v. Cass Co., 137 Mo. App. 698, 708, 119 S. W. 110; Halter v. Leonard, 223 Mo. 286, 122 S. W. 706.]

The answer does not deny that the proceedings in the circuit court of Carroll County were known to Scott. He therefore had notice of the proceedings and the judgment, and he may not now collaterally attack said judgment. We may not overlook the rule that a court of equity has no rightful authority to overhaul the record of another court for any error of law or fact committed by that court, and an attempt to do so is collateral. [M. K. & T. Ry. Co. v. Warden, 73 Mo. App. 117.]

There was no charge of fraud in procuring the judgment, and where no fraud appears a charge of error is not sufficient ground to warrant a court in setting aside the judgment of another court of equal jurisdiction. [New Madrid Co. v. Phillips, 125 Mo. 61.] A case directly in point on this question is Hardin v. Lee, 51 Mo. 241, 244, wherein it is said:

"It is a rule universal in its acceptation, that when a court once acquires jurisdiction of a subject-matter, any subsequent error or irregularity will not divest it. In attachment causes, the jurisdiction over any given subject-matter is obtained by the levy thereon of a writ properly issued—and no matter what, nor how great errors or irregularities may subsequently occur, the *res* remains still in the grasp of the court, and its judgment in regard thereto will be valid and binding until reversed on error or by appeal, or set aside in a direct and appropriate proceeding for that purpose. Vacating a judgment cannot be done collaterally, and never by a *stranger* under any circumstances." [See, also, Sauzenbacher v. Santhuff, 220 Mo. 274; Forest Lumber Co. v. Land Co., 222 S. W. 398, 400.]

As above stated, we hold the Carroll circuit court had jurisdiction of both the parties and subject-matter of the litigation; that its judgment was binding and final and not subject to collateral attack, and that the answer of defendant herein is an attempted collateral attack. Said judgment is not ambiguous, but it clearly and unmistakably decrees that relator is the owner of the lands damaged, and is entitled to the funds in question, individually, and not as trustee for the remainderman.

Under the provisions of section 2122, Revised Statutes 1919, it was the duty of defendant to pay over the money as provided in the court's decree. Section 2112 requires that the bond of such clerk be conditioned that he faithfully perform the duties of his office and pay over all moneys coming into his hands by virtue of such office. The $1500 in question came into the hands of defendant Scott by virtue of his office and it was his duty to pay it over to relator under the decree of the court. It was not within his province to question the decree of the court, he being fully protected in his rights thereby.

It follows from what we have said that the trial court erred in modifying its judgment in the manner complained of by relator. The judgment is therefore reversed and the cause remanded with directions that a

judgment for $5000 be entered for relator and that she have execution for $1500 with interest from the date of demand. It is so ordered.

All concur.