Colvin v. Six.

---

COLVIN v. SIX, *Plaintiff in Error.*

**Justices' Courts** : CHANGE OF VENUE : JUDGMENT.   A judgment entered by a justice of the peace after a change of venue has been applied for, in due form, on the ground of prejudice on his part, is erroneous, but cannot be treated as a nullity in a collateral proceeding. *Herryford v. Ætna Ins. Co.*, 42 Mo. 148 ; *Beery v. Railroad Co.*, 64 Mo. 533, distinguished.

*Error to Johnson Circuit Court.*—HON. NOAH M. GIVAN, Judge.

REVERSED.

*S. P. Sparks* for plaintiff in error.

*J. P. Orr* for defendant in error.

MARTIN, C.—A suit was instituted before a justice of the peace against one A. Colvin, upon a cause of action within the jurisdiction of the justice. Due service of summons was effected, and Colvin appeared and filed his application and affidavit for a change of venue, which were in proper form, and were based upon the prejudice of the magistrate. The application was made before trial was commenced. The justice refused to allow the change applied for, and made no order or entry to that effect, but proceeded with the trial of the cause, and rendered judgment against the defendant in the case. Upon this judgment execution was issued and placed in the hands of the defendant herein, A. D. Six. In pursuance of this execution, said Six, who was the constable of the township, levied upon two horses belonging to said A. Colvin. After the levy of the execution the plaintiff herein purchased title to the property so levied upon from said A. Colvin, the owner thereof. After such purchase he brings this suit in replevin against Six, the constable, who held the property under the execution. The court held at the trial that the judgment against Six before the justice was a nullity, and rendered judgment in favor of plaintiff in the replevin proceedings. From this judgment the defendant Six prosecutes his writ of error.

The sole question in the case is, whether a judgment rendered by a justice after due application for change of venue by defendant, is an absolute nullity, and can be treated as such in collateral proceedings. The statute declares that "either party shall be entitled to a change of venue in any civil cause," if before the jury is sworn or the trial commenced he shall file the affidavit required by law. R. S. 1879, § 2952. It is next provided that "upon the filing of the affidavit in due time the justice must allow the change of venue and note the fact in his docket, and immediately transmit all the original papers, and a transcript of all his docket entries in the case, to the next near-

est justice in the township, or if the change be allowed on account of the bias or prejudice of the inhabitants of the township, then to a justice in some other township in the county." R. S. 1879, § 2953. This statute evidently contemplates an order of allowance of the application to be noted on the docket like any other order or judgment in the cause. Although it is his duty to make the order of allowance when the application complies with the law, I do not perceive how the case can be actually pending elsewhere until he has made the order and entered it. It is a question of jurisdiction, and it has been held by this court in construing the statute relating to change of venue from the circuit court, that it is the order of the court of a change which divests the court of jurisdiction and confers it upon another court. *Henderson v. Henderson*, 55 Mo. 534; *State v. Daniels*, 66 Mo. 192; *State v. Hopper*, 71 Mo. 425. It has also been held that a court which orders a change of venue retains sufficient power to set it aside during the same term. *State v. Webb*, 74 Mo. 333. It must follow from the principles announced in these decisions, that the court does not lose jurisdiction of the cause by the mere fact of the application for the change; and that it retains jurisdiction until the order for the change has been made. Its action in refusing an order for a change upon a proper application is ground of error for which the judgment ought to be reversed on appeal or writ of error. But having jurisdiction of the parties and the cause of action, its judgment cannot be impeached in any collateral proceeding. *Jeffries v. Wright*, 51 Mo. 215; *Bailey v. McGinniss*, 57 Mo. 362; *Fulkerson v. Davenport*, 70 Mo. 541; *Henry v. McKerlie*, 78 Mo. 416.

Our attention has been called to some decisions of this court construing the acts of congress relating to the removal of causes to the courts of the United States. *Herryford v. Ætna Ins. Co.*, 42 Mo. 148; *Beery v. Railroad Co.*, 64 Mo. 533. There are expressions in these opinions which would seem to indicate that the court in which the application

Colvin v. Six.

for a removal is made is without jurisdiction to proceed as soon as the application is made. But it will be observed that the statute construed by them differs materially from the one under consideration, and that the opinions themselves were not rendered in cases in which the action of the court in going on to judgment, was called in question in a collateral proceeding. The effect of going on to judgment was not considered in these cases with reference to collateral proceedings, but only with reference to proceedings in the same case prosecuted for the purpose of reversing the judgments. In the third edition of his work on the "Removal of Causes," Judge Dillon, after reviewing the cases on this subject, remarks in a note: "In the text we purposely use the phrase 'the rightful jurisdiction ceases *eo instanti*' and a subsequent judgment of the state court 'is erroneous,' we do not say null and void. Such a judgment is, perhaps, valid, unless reversed or set aside; but in many of the cases every subsequent exercise of jurisdiction is said to be null and void, and every step *coram non judice*." Removal of Causes, (3 Ed.) p. 93. From the fact that no order is necessary according to the weight of authority construing the acts of congress, it would seem useless to examine the decisions under such acts, to obtain precedents in construing our statutes relating to the change of venue, which manifestly contemplate and require an order of court in every case. The refusal of the justice to grant a change of venue after proper application for it, is an error, but the appropriate remedy lies in an appeal or perhaps in an order from the circuit court compelling him to make the order for a change. It will not do for the party applying for the order to abandon his case as soon as he has filed his application and treat the record before the order is made in the same manner as he is authorized to do after it is made. Accordingly the judgment in this case must be reversed and remanded for re-trial in obedience to the foregoing views. It is so ordered. All concur.