## FLORENCE O. McLAIN, Appellant, v. MERCANTILE TRUST COMPANY et al.

### Division Two, February 18, 1922.

1. **ELECTION: Renunciation of Will.** A mere renunciation of her husband's will, which devises to her real estate, is not sufficient to entitle the widow to be endowed with one-half of his estate, the testator leaving only one child him surviving. In addition to a renunciation of the will, she must file her written election to take a child's part.

2. ————: **By Estoppel in Pais.** An estoppel, even when properly pleaded, does not in itself give a cause of action, but its purpose is to preserve rights already acquired, and not to create new ones.

3. ————: ————: **Injury to Other Party.** Estoppel *in pais* is not available where all the acting was on the part of the party pleading it.

4. ————: ————: **Renunciation of Will: Devise to Trustee: Partition.** Where the widow renounced her husband's will which devised all his property to a trustee, giving her one-half the income, but did not formally elect to take a child's part of one-half in his estate, the facts that at the time of her renunciation she intended to take one-half, and ever thereafter did take one-half, and in making her settlements as administratrix with the probate court one-half the rents were awarded to her, and that after the administration one-half the rents were paid to her by consent of all the parties, did not create an election in her favor by estoppel, nor authorize her to maintain a suit for partition for one-half the real estate, the trustee being empowered by the will only to collect and distribute the rents and to sell and reinvest for the benefit of the trust, and the payment of one-half of the income to her being in no wise inconsistent with the provisions of the will.

5. ————: ————: ————: **Against Trustee.** Where the trustee was by the will given power to dispose of the trust fund upon contingencies for reinvestment only, and none to make a deed directly to testator's widow for the purpose of investing her with one-half of the real estate after her renunciation of the will, estoppel cannot be invoked by her against said trustee to supply her failure to formally elect to take one-half the estate.

Appeal from St. Louis City Circuit Court.—*Hon. George H. Shields,* Judge.

AFFIRMED.

*R. P. & C. B. Williams* for appellant.

(1)  Estoppel was sufficiently pleaded in plaintiff's petition. The pleader is not required to specifically designate the plea as one of estoppel if the facts pleaded show estoppel. Rieschick v. Kingelhoeffer, 91 Mo. App. 430; Cadematori v. Gauger, 160 Mo. 367.  (2)  The rule that estoppel, in order to be available must be specially pleaded, has no application where the basis of the contention is set out in an agreed statement of facts. Rivord v. Railway, 257 Mo. 169.  (3)  The widow, having the right under the statute to renounce the will and to refuse to take thereunder and in addition thereto, as a part of the renunciation and refusal, the right to elect to take dower in the real estate or a child's part in the entire estate, having renounced under the will, may show her intention by acts and circumstances outside of the renunciation, that it was her purpose to take a child's part rather than a dower interest, and this will be controlling on all parties in interest.  Waddill v. Waddill, 129 N. E. (Ill.) 531.  (4)  To constitute an estoppel *in pais,* there must be:  First, an admission inconsistent with the evidence proposed to be given or the claim offered to be set up; second, an action by the other party upon such admission; third, an injury to him by allowing the admission to be disproved.  Of course, there must be notice or knowledge of the claim on the part of the party against whom the estoppel is invoked.  Taylor v. Zepp, 14 Mo. 488; Newman v. Hook, 37 Mo. 213; Major's Heirs v. Rice, 57 Mo. 389; Harrison v. McReynolds, 183 Mo. 542; Delashmutt v. Teetor, 261 Mo. 412.  (5)  The defendant, having receipted to the executrix for the distributive share, the amount of which was determined by plaintiff's claim of a child's part in the estate, is estopped from denying plaintiff's title to the property claimed by virtue of renunciation made by her.  McReynolds v. Grubb, 150

Mo. 352; Cadematori v. Gauger, 160 Mo. 367. (6) Although the plaintiff's renunciation under her hubsand's will was defective in that she did not formally elect to take a child's part of the real and personal estate, the defendant having from time to time accepted benefits under such defective election, would be estopped from setting up such defective election, or even want of any election when it accepted such benefits with the knowledge that the same were paid by plaintiff at the time, believing and claiming she was entitled to a child's part in the estate of her husband. Sage v. Finney, 156 Mo. App. 42; Robinson v. Rebworth, 71 Ala. 240; Hofference v. Halcom, 17 Kan. 378; Babbitt v. Karbe, 13 Kan. 612; McClanahan v. West, 100 Mo. 323; Hector v. Mann, 226 Mo. 247; Austin v. Loring, 63 Mo. 22. (7) If the parties with sufficient notice or means of knowledge of their rights and of all the material facts remain inactive or abstain from impeaching the transaction so that the other party is induced to suppose that it is recognized, this is acquiescence, and the transaction, although originally impeachable, becomes unimpeachable. There is no necessity of a positive affirmation. 10 R. L. C. p. 694, sec. 22; Rothchilds v. Trust Co., 204 N. Y. 458; Wiltmore v. Stetler, 137 Ind. 127; Delashmutt v. Teetor, 261 Mo. 441; In re Goesling Estate, 230 S. W. (Mo.) 617.

*Robert A. Roessel* for respondents.

(1) An election is necessary under the law to entitle a widow renouncing under a will to take under certain sections of the statute, particularly where real estate is involved. Hamilton v. O'Neil, 9 Mo. 11; Coke's Littleton, sec. 523; United States v. Grundy, 3 Cranch, 337; Welsh v. Anderson, 28 Mo. 293; Allen v. Harnett, 160 Mo. 278; Klocke v. Klocke, 208 S. W. 825; R. S. 1909, sec. 356. (2) This election as to these sections of the statutes must be in the form prescribed by law, and failure to so properly elect relegates the widow to dower under Sec. 345, R. S. 1909. R. S. 1909, sec. 357, as amend-

ed, Laws 1917, p. 168; Kemp v. Holland, 10 Mo. 259, Price v. Woodford, 43 Mo. 247; Welsh v. Anderson, 28 Mo. 299; Allen v. Harnett, 116 Mo. 286; Castleman v. Castleman, 184 Mo. 432. (3) Estoppel to be availed of must be specifically pleaded, particularly when issue is joined on an entirely different state of facts. Dibert v. D'Arcy, 248 Mo. 661; Stone v. Cook, 179 Mo. 548; Loving v. Cattle Co., 176 Mo. 352; Railway v. Curtis, 154 Mo. 20; Bray v. Marshall, 75 Mo. 330; Cooley v. Ins. Co., 185 Mo. App. 662; Gillen v. Ins. Co., 178 Mo. App. 106; Miller v. Anderson, 19 Mo. App. 74; Bigelow, Estoppel (6 Ed.) p. 761; Thompson v. Lindsay, 242 Mo. 76. (4) There is no estoppel by the record where the record has to do only with personal estate, and when the matter in hand has to do with real estate over which the probate court at no time had jurisdiction. Jewett v. Boardman, 181 Mo. 647; Goffery v. Coal Co., 95 Mo. App. 181. There can be no estoppel where plaintiff, by her own free act, on the advice of counsel and before defendants had any knowledge of what course she intended to pursue, held herself out as being entitled to a certain share and where by her own acts and conduct she induced defendants to rely upon and believe in her claim as true. In the case at bar there is no element of estoppel present. Taylor v. Zepp, 14 Mo. 488; Newman v. Hook, 37 Mo. 213; Bales v. Perry, 51 Mo. 453; Spurlock v. Sproule, 72 Mo. 508; Acton v. Dooley, 74 Mo. 67; Mueller v. Kaessman, 84 Mo. 329; Blodgett v. Perry, 97 Mo. 272; Hequoemerg v. Edwards, 155 Mo. 522; Harrison v. McReynolds, 183 Mo. 542; Lack v. Brecht, 166 Mo. 258; Thompson v. Lindsay, 242 Mo. 76; De Lashmutt v. Teetor, 261 Mo. 440; McLure v. Bank, 263 Mo. 135; In re Doe Run Lead Co., 223 S. W. 608; Nicols v. Bank, 55 Mo. App. 81; Shields v. McLure, 75 Mo. App. 631; Stone v. Bank, 81 Mo. App. 9; Bank v. Horn, 83 Mo. App. 114; Bright v. Mueller, 95 Mo. App. 270; 16 Cyc. 679; Bispham's Eq. Jurisprudence, sec. 434; Bigelow on Estoppel (6 Ed.) 603; Wharton on Evidence, art. 1143. There is no estoppel where the party knew or had

the same means of knowing the truth as the other party. Silence only estops when it becomes a fraud. Bales v. Perry, 51 Mo. 453; Rutherford v. Tracy, 48 Mo. 325. To constitute an estoppel by conduct there must have been a misrepresentation or concealment of material facts, made with a knowledge of the true facts to a person ignorant of the true facts and made with the intent that it shall be acted on. Acton v. Dooley, 74 Mo. 67; Stone v. Bank, 81 Mo. App. 16; Mueller v. Kaessman, 84 Mo. 329. (6) In any event, a trustee for a life tenant has no power to bind the remaindermen or their title, and cannot dispose of the remainder by estoppel or ratification of a void act. De Lashmutt v. Teetor, 261 Mo. 440.

REEVES, C.—Suit in partition of a certain lot or parcel of land in the city of St. Louis. At the conclusion of the testimony the court *nisi* dismissed plaintiff's petition and she appeals.

The petition was in the usual form, alleging that J. T. McLain, deceased, by his last will and testament duly admitted to probate on the 8th day of November, 1916, devised and bequeathed said property to the Mercantile Trust Company, as trustee, for the benefit of plaintiff, and Margaret Merle Schierbaum, her daughter, and Girard D. Schierbaum, her grandson, to enjoy the income therefrom in the following proportions: One-half to plaintiff, one-fourth to her daughter, Margaret Merle Schierbaum and one-fourth to her grandson, Girard D. Schierbaum; that on the second day of January, 1917, plaintiff filed her renouncement of said will as the widow of said J. T. McLain, deceased; "that at the time of said renouncement she intended to take a one-half interest in said estate, and ever after that did take a one-half interest in said estate; that in making her settlements with said court, one-half interest in the rents of said property and said estate were given and awarded to her, and after the administration of said estate, a one-half interest in said rents and profits of said estate were paid to her by consent of all the parties, recognizing that she was the

owner of a one-half interest in said estate by virtue of said renunciation so made as above.''

It was further alleged that appellant paid one-half of the debts of the estate and one-half of the taxes due on said estate and that the Mercantile Trust Company paid the other half; and ''that at the time of renouncing under said will the Probate Court of the City of St. Louis made an order that she take a one-half interest in said estate, and she has relied upon said renouncement and said conduct of the parties hereto as giving her an undivided one-half interest in said above property in fee simple right.''

Other immaterial allegations were contained in the petition, and there was the usual prayer for partition of said real estate.

Defendants answered, admitting the death of J. T. McLain and due proof of his will, and the devise of said property to respondent, Mercantile Trust Company, as trustee, and that appellant renounced said will at the time alleged in her petition, and then specifically denied that by such renunciation, by election, or by any other means or medium, plaintiff became entitled to a one-half interest in the said premises.

The case was tried below upon an agreed statement of facts, which tended to support the allegations of appellant's petition in so far as the terms of the will were concerned, and it appeared that the Mercantile Trust Company, as trustee, had declined to take charge of the property devised, but it further appeared that it was otherwise performing its duty under the trusteeship created by the will.

Clauses Fifth and Sixth of the will are pertinent here and are as follows:

''Fifth.    I give, devise and bequeath all the rest, residue and remainder of my estate, real, personal, or mixed, wheresoever situated of which I may be seized or possessed, or to which I may be in any manner entitled, or in which I may be interested at the time of my death, unto the Mercantile Trust Company of St. Louis,

Missouri, a corporation organized and existing under the laws of the State of Missouri, its successor or successors·

"In trust, nevertheless, for the following purposes.

"Sixth. It is my further will and desire that all of my estate, real, personal, or mixed, wheresoever situated, shall be turned over to and taken possession of by my said trustee, to collect the rents from my real estate and the interest and income from my personal estate, and on the first day of December—Page 1 of my Will, J. T. McLain—and May of each year, divide the net income from my estate into three parts, one-half thereof to be paid to my wife, Florence O., one-fourth thereof to be retained and invested for the benefit of my grandson, Gerard D., son of Margaret Merle and Dan Schierbaum, to be used, together with interest therefrom, by my said trustee, for the purpose of educating my said grandson, Gerard D. Schierbaum, so as to fit him for any vocation which he may select. And to this end, I hereby empower and authorize my trustee to sell and convey, and to execute deed or deeds therefor, at such times and upon such terms as it may deem advisable, any of the property which may come to its hands, and I empower it to invest and reinvest the proceeds of my property real or personal, hereby vesting my trustee with all the power in respect to investments and reinvestments of my estate and the proceeds thereof, which I might personally exercise if living, specially intending and directing that my trustee shall not be restricted from continuing any of my investments in their present form, or from changing the same to any other form which it may deem wise."

Appellant's renunciation of the will was as follows:

"In the Probate Court of the City of St. Louis, Mo.,
December Term, 1916.
No. 47, 103.

"IN THE MATTER OF THE WILL OF THE ESTATE OF J. T. McLAIN, late of the city of St. Louis, State of Missouri, deceased.

"I, Florence O. McLain, widow of the said J. T. McLain, do by this act and deed renounce and refuse to

accept the provisions made for me by the will of said J. T. McLain, dated the twenty-ninth day of April, 1912, and probated in the office of the Probate Court of the City of St. Louis, Mo., on the eighth day of November, 1916.

"Witness my hand and seal this second day of January, 1917.

FLORENCE O. MCLAIN (Seal).

"State of Missouri, City of St. Louis, ss.

"On this second day of January, 1917, before me personally appeared Florence O. McLain, to me known to be the person described in and who executed the foregoing instrument and acknowledged that she executed the same as her free act and deed.

"In witness whereof, I have hereunto set my hand and seal of office the day and year above written.

"My commission expires January 4, 1919.

"(Seal).

KATE E. ROSSMAN,

"Notary Public within and for the City of St. Louis,
State of Missouri."

The whole conduct of the appellant and the further orders of the probate court, after the filing of the renunciation, were upon the theory that she had elected to take a child's part in said estate, and there being but one child, she would therefore be entitled to a one-half interest absolutely, subject to the payment of debts.

I. It is not contended here that appellant ever made an election as provided by statute. Under Section 329, Revised Statutes 1919, she executed a formal renunciation of the will.

By Section 328, Revised Statutes 1919, the benefits devised in said land were in lieu of dower and therefore she would not have been endowed in said real estate, except, pursuant to formal renunciation. She had twelve months after the proof of the will to execute and file her renunciation. She did this on January 2, 1917. The proof of the will was made on November 8, 1916. It resulted, therefore, that she was endowed in

Election.

said real estate, as if there had been no will. Appellant mistakenly assumed that her renunciation was equivalent to and would have the effect of an election. Section 325, Revised Statutes 1919, specifically provides that where a widow elects to take a child's part under Section 324, Revised Statutes 1919, she shall make such election by declaration in writing, acknowledged before some officer authorized to take the acknowledgment of deeds and filed in the office of the clerk of the court in which letters testamentary shall have been granted. After renunciation of the will she became entitled to an election to take a child's part in lieu of dower.

Section 325 is mandatory as to what shall be done in the matter of an election and the provisions thereof should have been complied with, as such election is not effective until the declaration is executed and filed by her or someone for her. [Castleman v. Castleman, 184 Mo. 432, l. c. 444.]

II.    Appellant seeks to overcome the mandatory provisions of this statute on the subject of election by pleading an estoppel *in pais*, that is to say, the conduct of the parties had been such as to amount to an equivalent of a formal election and this dispensed with the necessity therefor. Respondents say that estoppel was not pleaded. In the view we take of the case it is not necessary to consider whether or not appellant properly invoked an estoppel by her pleadings. It is sufficient to say that an estoppel must be pleaded before it can be invoked (Kinloch Telephone Co. v. City, 268 Mo. 485, 188 S. W. 182; Berkshire v. Holcker, 216 S. W. 556, 202 Mo. App. 433), and we observe that an estoppel, even when pleaded, does not in itself give a cause of action and that its purpose is to preserve rights already acquired and not to create new ones. [Berry v. Insurance Co., 203 Mo. App. 459, l. c. 468.] This observation is not out of harmony with the holding in the case of Hubbard v. Slavens, 218 Mo. 598, l. c. 620, to the effect that where the assertion of a right is prohibited by an estoppel, modern

**Estoppel.**

equity jurisprudence will go further and vest title in the party rightfully invoking the estoppel. Such are not the facts here. Estoppels and the facts upon which they are predicated should be closely and critically scanned (Wyatt, Admr., v. White, 192 Mo. App. 551), and moreover to constitute an estoppel *in pais* three things must concur: first, an admission, statement or act inconsistent with the claim afterwards asserted and sued on; second, action by the other party on the faith of such admission, statement or act; and, third, injury to such other party resulting from allowing the first party to contradict or repudiate such admission, statement or act. [Bank v. Ragsdale, 171 Mo. 168, l. c. 185.]

Bearing these principles in mind it should be noted from this record that all the *acting* in this case was on the part of appellant. She filed her renunciation of the will. Presumably she knew her rights, and knew the statutory requirements as to an election. The trustee was obliged to do nothing. It was not called upon to take any action in the premises, and its conduct was not inconsistent with its trusteeship. It declined to take charge of the property, but the payment of the benefits to the beneficiaries in said trust was not inconsistent with the provisions of the will, and as appellant was administratrix the trustee did not act or omitted nothing that could in any way deceive or mislead appellant to her disadvantage.

Moreover, an estoppel in favor of appellant could not be invoked against the trustee. It was not the beneficial owner of the premises, but it held same as trustee and as such it was clothed with certain specific, limited and restricted power and this power it could only exercise in strict accordance with the terms of the will. It possessed the power to dispose of said property upon contingencies for reinvestment purposes, but it possessed power to convey or dispose of said property except for the consideration in said will contemplated. It was not within its power to have made a deed direct to appellant to accomplish the purposes herein pursued, and

it could not do indirectly that which it could not do directly.  [De Lashmutt v. Teetor, 261 Mo. 412, l. c. 440.]

It appeared from the facts that the trustee may have been deceived by the conduct of appellant in proceeding upon the theory that she had made a formal election, and that it therefore acquiesced in some of the things done, by her in harmony with that theory.  This would not entitle appellant to invoke an estoppel.

In view of the foregoing we must hold that the judgment of the trial court was correct and same must be and is affirmed, and it is so ordered.  *Railey* and *White, CC.,* concur.

PER CURIAM:—The foregoing opinion by REEVES, C., is adopted as the opinion of the court.  All of the judges concur.