ENTERPRISE FURNITURE & CARPET OUTFITTING INSTALLMENT COMPANY, Appellant, v. SAMUEL DAVIDSON, Respondent.

In the Kansas City Court of Appeals, November 6, 1922.

1. **JUDGMENT: Jurisdiction: Judgment Cannot be Impeached in a Collateral Proceeding for Errors or Mere Irregularties.** The general rule in respect to jurisdiction is that if the court has jurisdiction of the parties and the subject-matter or the cause of action, its judgment cannot be impeached in a collateral proceeding for errors or mere irregularities.

2. ————: **Collateral Attack: Motion to Quash Execution Held to be a Collateral Attack Upon Judgment.** A motion to quash an execution on the ground that no valid judgment was rendered for the reason that the judgment upon which it was based was not in compliance with sections 3116 and 3118, Revised Statutes 1919, is a collateral attack upon the judgment.

3. ————: ————: **Irregularity: An Irregularity in Judgment Held Correctible on Appeal and not Subject to Collateral Attack.** In a replevin suit where a judgment was rendered by a justice of the

peace in favor of defendant for failure of plaintiff to prosecute suit, and the justice in rendering the judgment tried the issues involved without the aid of a jury, or an assessment by jury of the value of the property, as required by sections 3116 and 3118, Revised Statutes of Missouri, 1919, *held*, to constitute an irregularity correctible on appeal but not subject to collateral attack in an attempt to quash execution issued thereon.

Appeal from the Circuit Court of Andrew County.— *Hon. A. M. Tibbels,* Judge.

AFFIRMED.

*Elliott Spalding* and *Eugene Silverman* for appellant.

*Bart M. Lockwood* for respondent.

BLAND, J.—This is an appeal from an order of the circuit court of Andrew County, Missouri, overruling a motion to quash an execution. The execution was issued out of said court on a transcript of a judgment rendered by a justice of the peace of said county. The suit, which was one in replevin, was instituted by plaintiff on November 4, 1921. The property described in the writ was taken and delivered to plaintiff. On November 8, 1921, the case was dismissed at the request of plaintiff but the goods were not returned to defendant. On November 18, 1921, defendant appeared and objected to the entry of dismissal and demanded that the court determine the "right of possession, the right of property and assess the value thereof, and the damages for the taking and detention." Thereupon the justice proceeded to try the issues embraced in defendant's demand and found that the goods were wrongfully taken by plaintiff and fixed the value thereof and damages for the wrongful taking and detention. Thereafter a transcript of the judgment was filed with the circuit clerk and execution issued. Whereupon plaintiff filed its motion to quash the execution, alleging that no valid judgment was ever rendered

by the justice against the plaintiff and that the judgment was void upon its face for the reason that no assessment of the value of the property described in the complaint was made by a jury as required by the statute. Other grounds for quashing the execution were contained in the motion but they have now been abandoned.

Two points are made by plaintiff in this appeal: First, that the justice had no jurisdiction, power or authority to proceed in the cause and make a finding but that such action was required to be had by a jury; second , that the judgment was not in the form required by the statute and was void. Section 3116, Revised Statutes 1919, being the section giving rise to this judgment, provides—

"If the property has been taken and delivered to the plaintiff, or is in his possession, and he fails to prosecute his action to final judgment, the justice shall give judgment against the plaintiff and his sureties for all costs, unless the defendant or his attorney shall appear and demand that the right of property or right of possession of the property taken shall be tried by a jury, in which case the justice shall impanel a jury for that purpose. If the jury, after hearing the evidence, shall be satisfied that the property belonged to the defendant at the commencement of the action, or that the defendant was entitled to the possession or had a special interest in the same at that time, they shall find accordingly, and shall assess the value of such property or the value of the defendant's right thereto, and any damages for withholding the same which may be just and proper."

It is contended that the transcript fails to show that a jury was impaneled but recites "that the court finds, etc.," and that the justice had no jurisdiction to try the issues; that the statute is mandatory and required them to be tried by a jury; that at common law the remedy to the defendant, when plaintiff in replevin dismissed his case before trial, was a judgment for the return of the

property and there was no authority for the assessment of the value therefor or for an alternative judgment such as is provided by the statute; that the proceeding provided for by the statute for the assessment of the value of the property is summary and unknown to the common law and should be strictly complied with; that failure of the justice to exercise jurisdiction in the manner pointed out by the statute and the failure to follow the procedure prescribed by the statute renders the judgment void.

The general rule in respect to jurisdiction is that if the court has jurisdiction of the parties and the subject-matter or the cause of action, its judgment can not be impeached in a collateral proceeding for errors or mere irregularities. [Colvin v. Six, 79 Mo. 200; Hardin v. Lee, 51 Mo. 241; Merrick v. Merrick, 5 Mo. App. 123.] In the last case it is said at page 126—

"Where a judgment of a court which has jurisdiction of the subject-matter and of the parties is either erroneous or irregularly entered, but stands unreversed and unvacated, and with no attempt made to supersede, alter, or in any way reform it, it would seem clear, on principle, that an execution issued on it can not be quashed on the ground of error or informality in the judgment."

Such an irregular or erroneous judgment may only be corrected on appeal. That a motion to quash, such as was filed in this case under the circumstances, is a collateral attack upon the judgment, there is no question. [Kansas City ex rel. v. Winner, 58 Mo. 299, 302; 1 Black on Judgments (2 Ed.), par. 253.]

Colvin v. Six, supra, was a case involving the change of venue statute, providing that "either party *shall* be entitled to a change of venue in any civil cause" before a jury is sworn or the trial commenced if he will file an affidavit required by law and that "upon the filing of the affidavit in due time the justice *must* allow the change of venue and note the fact in his docket, and immediately transmit all the original papers, and a transcript of all

his docket entries in the case" to some other justice. [See sections 2804, 2805, Revised Statutes 1919.] The facts in that case involved a situation where a defendant filed an application for a change of venue but the justice refused to allow the change and proceeded with the trial of the cause, rendering judgment against the defendant. Execution was issued and placed in the hands of the defendant Six, the constable, who levied upon the property of one A. Colvin. The purchaser of the property from said Colvin, after execution, brought suit to replevin the property against the constable who held the property under the execution. The lower court held that the judgment against Six in the replevin suit was a nullity and rendered judgment in favor of plaintiff. The Supreme Court in the opinion says, 1. c. 199—

"The sole question in the case is, whether a judgment rendered by a justice after due application for change of venue by defendant, is an absolute nullity, and can be treated as such in collateral proceedings." and proceeded to answer the question in the negative—

"Its (the justice court) action in refusing an order for a change upon a proper application is ground for error for which the judgment ought to be reversed on appeal or writ of error. But having jurisdiction of the parties and the cause of action, its judgment cannot be impeached in any collateral proceeding." [Colvin v. Six, supra, 1. c. 200.] The same ruling was made in the case of State ex rel. Colvin v. Six, 80 Mo. 61.

The mandatory provisions of the change of venue statute are no stronger than those to be found in the statute, section 3116, Revised Statutes 1919, requiring a trial by jury when the circumstances are such as are mentioned in the statute. We have no quarrel with the rule that a justice must exercise his jurisdiction in the manner provided by law and that jurisdictional facts must appear on the face of his proceedings and that no intendment is allowed in favor of his jurisdiction, but

there is no question of jurisdiction, in the sense in which we are discussing the question, involved in this case. If the justice's record is in such a condition that we must say that the justice failed to try the issues involved without the aid of a jury, then we hold that his action constituted an irregularity that should have been corrected by a direct attack, and the judgment rendered by him is not subject to collateral attack. Had the proceeding been attacked directly the court no doubt would have given due consideration to defendant's contention that that part of the statute that permits a judgment assessing the value of the property or an alternative judgment grants relief unknown to the common law and that the statute provides for a summary proceeding and, therefore, should be strictly construed.

The statute, section 3118, Revised Statutes 1919, required that—

"The judgment in the cases mentioned in the two next preceding sections shall be against the plaintiff and his sureties for the return of the property taken, or that they pay the value so assessed, in the discretion of the defendant, or the value of the poessession of the same, in case a return cannot be had, or shall not be ordered, and for the damages assessed and costs of suit. But the defendant shall not be required to make election between a return of the property and the assessed value thereof, until the property is delivered to the constable on the execution, and the defendant has notice thereof."

Defendant complains that the judgment does not conform to this statute but merely finds that defendant was the owner and entitled to possession of the goods, naming them, and find the value thereof and assesses damages for the wrongful detention by plaintiff. Defendant insists that for this reason the judgment is void. It is held, as before stated, that where a justice has jurisdiction of the parties and the subject matter, his judgment may not be collaterally attacked for anything constituting an error that may have been cured

by an appeal. [Kansas City ex rel. v. Winner, supra.] There is no question but that if the judgment does not comply with the statute in the manner claimed, it could have been corrected by appeal. In his argument plaintiff says that the execution was for $250 and costs and and that it does not follow the judgment, it being contended that the judgment was for only $50. The execution is not attacked for this reason in the motion to quash and, consequently, the question can not now be raised.

The judgment is affirmed. All concur.