**John H. JULIAN et al., Merritt Ray Sissom et al., Plaintiffs-Respondents,**

**v.**

**The CITY OF LIBERTY et al., Defendants-Appellants.**

**No. 24881.**

Kansas City Court of Appeals.

Missouri.

April 1, 1968.

Don M. Jackson, Jackson, Barker, Browne, Sherman & Cope, Kansas City, for appellants.

Kent E. Whittaker, Brewer & Myers, Kansas City, Alan F. Wherritt, Conn Withers, Liberty, for respondents.

SPERRY, Commissioner.

This is an injunction suit against the City of Liberty, its mayor, councilmen and citizens. This suit was instituted May 13, 1964, by plaintiffs John H. and Helen M. Julian, who are the owners of 156 acres of land located within an area which the city seeks to annex. The area of the city, prior to the date of this attempted annexation, was some 5000 acres. The area which the city seeks to annex is some 8000 acres. There are many landowners within the area, in addition to plaintiffs. A number of such additional landowners were permitted to intervene and, for our purposes, are plaintiffs herein.

Ordinance No. 1749, of the City of Liberty, was duly enacted and signed by the

mayor September 23, 1952. By its terms the city limits were extended, as above stated, but it was provided in Section 11 thereof that: "The foregoing description shall be the description of the City of Liberty, Mo., Clay County, from and after *January 1, 1954."* (Emphasis ours.) Liberty is a special charter city, incorporated in 1861. The above ordinance was adopted in accordance with the provisions of Section 81.080, V.A.M.S.

Thereafter, and prior to January 1, 1954, Section 71.015, ("Sawyers Act") V.A.M.S. (Laws of Missouri, 1953, p. 309, par. 1) was enacted and became effective. That section provides that, whenever the governing body of a city (including Liberty), has adopted a "resolution" to annex any "unincorporated" area of land, such city shall, "before proceeding as otherwise authorized by law or charter for annexation of unincorporated areas, file an action in the circuit court of the county in which such unincorporated area is situated, under the provisions of chapter 527 RSMo, praying for a declaratory judgment authorizing such annexation. The petition in such action shall state facts showing: 1. The area to be annexed; 2. That such annexation is reasonable and necessary to the proper development of said city; and 3. The ability of the city to furnish normal municipal services of said city to said unincorporated area within a reasonable time after said annexation is to become effective, * * *." Admittedly, there has never been a compliance with the provisions of the Sawyers Act.

After the enactment of Ordinance No. 1749, seven other similar ordinances were enacted, the last being No. 2300. Each of said ordinances merely had the effect of postponing the date when the annexation would take effect. No. 2300 was enacted and signed by the mayor November 15, 1963. In Section 1 thereof it is provided: "The city limits of the City of Liberty are hereby extended to include the following described territory *effective January 1, 1964"* (Emphasis ours). There follows a description of the annexed land, which is the same as that mentioned in No. 1749. Section 11 provided: "This ordinance shall be in full force and effect from and after its passage by the council and approved by the mayor".

May 13, 1964, plaintiffs filed their first amended petition alleging, among other things that, prior to January 1, 1964, the property here involved was outside the Liberty city limits; that Ordinance No. 2300, enacted by defendants, to be effective January 1, 1964, purportedly extended the city limits one and one half miles to the north and two miles to the south, thereby including plaintiffs' property within the city limits; and that the city is attempting to levy taxes and fees and to exercise municipal authority over the area. It was also alleged that the Sawyers Act had, since its enactment in 1953, been the law of Missouri; that the city made no effort to comply with its provisions; that the annexation herein mentioned is, therefore, void; that, unless enjoined, the city will assess and levy taxes against their property; and they prayed that the city be restrained from proceeding under the ordinance.

Defendants moved to dismiss the petition on the grounds that, under the facts pleaded, the Sawyers Act has no application. This motion was sustained and plaintiffs appealed to the supreme court on the theory that a constitutional question was presented.

The supreme court, in Julian v. Mayor et al., 391 S.W.2d 864, 867, held that, while defendants no longer contended that the Sawyers Act was unconstitutional, the court would retain jurisdiction where defendants had preserved and presented that issue, and where the trial court had ruled the act to be unconstitutional. The court held the Sawyers Act to be constitutional and, at l.c. 866 said that, if applicable at all, the act applies to "any city", (stating exceptions that are not material) including Liberty.

The court discussed defendant's contention that, (l.c. 866) since the act did not *require* that a *resolution* to annex be

adopted, and since none was adopted, and since a complete ordinance of annexation was adopted, the Sawyers Act had no application. The court declared that a basic rule for construction of a statute is to seek the intention of the legislature and, in so doing, the words used therein should be given their plain and ordinary meaning so as to promote the object and manifest purpose of the statute. It was held (867) that enactment of the ordinance amounted to an expression of intent to annex the unincorporated land mentioned therein and that the provisions of the Sawyers Act became mandatory and constituted a condition precedent to the exercise of the authority to annex the area. The court said that, once the governing body of any city announced its intention to annex an unincorporated area of land, "regardless of how that intention was expressed", the requirements of the Sawyers Act must be complied with before the city could exercise the delegated legislative authority to annex.

■ This language requires a ruling by this court, in this case, that the City of Liberty may not annex this area at this time because it has no power to do so, having failed to comply with the mandatory provisions of the Sawyers Act.

■ By Ordinance No. *1749* (1952) and by succeeding enactments, including No. 2300 (1963), the city specifically postponed the effective date of annexation until January 1, 1964. Each of these ordinances constituted no more than an expression of intent to annex, at and as of the specified future date, but that expressed intention could have been revoked by appropriate action, at any time prior to January 1, 1964. It is fundamental that annexation does not take effect on the date the annexation ordinance is enacted when such ordinance provides that the annexation shall take effect at some future date. "Annexation by statute takes effect at the time of the passage of the act except where, and in so far as, it provides otherwise". *62* C.J.S. Municipal Corporations § *72*, p. 182, citing

Marks v. Rome, 89 S.E. 324, 145 Ga. 399; Walker v. East Rome, 89 S.E. 204, 145 Ga. 294 and People v. Flanagan, 66 N.Y. 237. Therefore there was no annexation prior to the effective date of the Sawyers Act and this attempted annexation is void for failure to comply with that act.

■ Defendants also contend that plaintiffs haven't the legal capacity to challenge the right of the city to exercise municipal authority under a *valid annexation ordinance*; that such action could only be maintained by *quo warranto*. The ordinance here considered (so far as annexation is concerned) is invalid for reasons stated. Ordinance No. 1749 was invalid on its stated effective date by reason of the prior effectiveness of the Sawyers Act. This action constitutes no challenge to the *power* of the city to annex unincorporated areas, by compliance with provisions of the applicable law. The challenge is to the *manner* of the attempted *exercise* of its right to annexation, and its attempt to exercise municipal authority in territory which has not been annexed by lawful procedure. It is apparent from the record that the attempted annexation has no semblance or color of legal right and that it does not even attain de facto status. Therefore, it is subject to attack by plaintiffs in this action. State ex rel. Hand et al. v. Bilyeau, Mo. App., 346 S.W.2d 221. Also see Stoltman v. City of Clayton, 205 Mo.App. 568, 226 S.W. 315 and Parker v. Zeisler, 73 Mo.App. 537.

The judgment is affirmed.

MAUGHMER, C., concurs.

PER CURIAM.

The foregoing opinion by SPERRY, C., is adopted as the opinion of the court.

HOWARD, P. J., and MORGAN, J., concur.

CROSS, J., not participating.