STATE ex inf. Gene E. VOIGTS, Prosecuting Attorney, ex rel. MAYOR, COUNCIL AND CITIZENS OF LIBERTY, Missouri, Respondent,

v.

The CITY OF PLEASANT VALLEY, Missouri, Appellant.

No. 25363.

Kansas City Court of Appeals, Missouri.

April 6, 1970.

Howard D. Lay, Donaldson & Lay, Kansas City, for appellant.

Don M. Jackson, Kansas City, for respondent.

SHANGLER, Presiding Judge.

The City of Pleasant Valley appeals from a judgment of the circuit court ousting it, by writ of quo warranto, from proceeding further with its attempted annexation of certain territory in Clay County also claimed by relator City of Liberty.

The dispute involves the annexation of two distinct land areas. What we refer to as "Tract 1" is that land in contention which lies in Sections 22 and 23, and "Tract 2" is the land in Sections 13, 25, 26 and 27, all in Township 51 North, Range 32 West.

The ouster proceedings which we now review were precipitated by these events: On May 7, 1968, appellant City of Pleasant Valley enacted (amending) annexation Ordinance No. 456 whereby it undertook to extend its corporate boundaries to include both Tracts 1 and 2. Its declaratory judgment suit for approval of the annexation followed two days later. It was these actions, found to be usurpations of the City of Liberty's prior rights of annexation, from which the City of Pleasant Valley was ousted.

The judgment of ouster which ultimately issued was grounded upon an Information which alleged that a portion of the territory sought to be annexed by appellant City of Pleasant Valley (Tract 1) had already been effectively annexed by relator City of Liberty as of January 1, 1965. As to the balance of the territory in dispute (Tract 2), it was alleged that the City of Liberty had priority of annexation by virtue of its enactment of an annexation ordinance and the filing of a declaratory judgment suit to effectuate it by May 1, 1968, all before the City of Pleasant Valley had enacted its annexation ordinance. The right to ouster was declared as a matter of law on the basis of the pleadings and exhibits. No evidence was presented, but no dispute as to the facts appears from the record and briefs.

Appellant's pleadings consist of an Answer and what it has denominated a "Counterclaim". Among those issues tendered by the Answer are two asserted upon this appeal. They relate to the alleged invalidity of relator's annexation of Tract 1 on the ground that the declaratory judgment entered in furtherance of the annexation of January 1, 1965 was void on its face as it reflects it was not entered consequent to a class action as required by Sec. 71.015, V.A.M.S. The Answer tendered the defenses, urged again upon this appeal, that as to its efforts to annex Tract 2, relator has been guilty of laches and is, moreover, estopped from either questioning appellant's right to annex or from claiming any priority to do so on its own behalf. Appellant pleaded, and now contends, that as to Tract 2, relator's attempts at annexation since 1952 were finally determined by this court in 1968 (Julian v. City of Liberty, Mo.App., 427 S.W.2d 300) to have been invalid. Yet, during that period, appellant's own efforts at annexation of Tract 2, in 1963, were thwarted by injunction issued on the premise of the validity, and

therefore priority, of the relator's then pending proceedings.

▮ What role appellant City of Pleasant Valley intended for its "Counterclaim" is not at all clear. Appellant has put together a number of averments challenging relator's municipal authority to claim Tracts 1 and 2 by annexation (an issue already raised in its Answer) and dubs it a "Counterclaim for Quo Warranto". Yet, it is ineffectual as an information in the nature of a Quo Warranto because by the provisions of Sec. 531.010, V.A.M.S. and Civil Rule 98.01, V.A.M.R., the writ can issue only after the information has been exhibited by the Attorney General of this state or the prosecuting attorney of the county. This jurisdictional requirement has not been met. State ex inf. Dorian ex rel. Black v. Taylor, 208 Mo. 442, 106 S. W. 1023, 1026; State at Information of Dalton ex rel. Tucker v. Mattingly, Mo. App., 275 S.W.2d 34, 39. When the allegations going to the Quo Warranto have been discarded, what remain are reiterations of the two defenses previously described and upon which appellant relies to deny relator's claim to priority of annexation.

From the reticule of events described in the pleadings and exhibits which accompany them, these undisputed facts emerge as those which underly the contending claims of the municipalities to priority of annexation to the two land areas.

*The City of Liberty's Efforts to Annex Tract 1*: On June 22, 1963 the City Council of Liberty adopted a resolution declaring its intent to annex that area and directing the filing of a declaratory judgment action in the circuit court to determine the reasonableness of the proposed annexation as required by the Sawyers Act, Sec. 71.015, V.A.M.S. On November 1, 1963, the court entered its judgment declaring the annexation reasonable. (It is this judgment appellant now impugns in its Answer and brief as void on its face because lacking "any class action findings".)

By ordinance enacted on the date judgment was entered, the annexation was made to become effective January 1, 1965. Tract 1 has been treated as part of the City of Liberty since that date.

*The City of Liberty's Efforts to Annex Tract 2*: On September 23, 1952, the City of Liberty adopted Ordinance No. 1749 for the annexation of Tract 2. Successive ordinances were adopted thereafter which had the effect, merely of postponing the annexation until January 1, 1964. When Ordinance No. 1749 was adopted, the Sawyers Act, Sec. 71.015, V.A.M.S., requiring a circuit court declaratory judgment authorizing such annexations, had not yet been enacted. The City of Liberty made no effort to comply with the Act, however, even though it had successively postponed the effective date of the annexation long after the Sawyers Act became operative in 1953. On April 1, 1968, in Julian v. City of Liberty, supra, we invalidated the attempted annexation of Tract 2 for failure to comply with the Act. On that very day, Liberty enacted another Ordinance, No. 2750, for the annexation of Tract 2, amended it on April 23, 1968 and filed its declaratory judgment action as required by the Sawyers Act on May 1, 1968. It is by virtue of these actions that the relator claims priority to Tract 2 over the appellant.

*The Efforts of the City of Pleasant Valley to Annex Tracts 1 & 2*: Appellant's attempts at the annexation of both land areas originated with its adoption of Ordinance No. 210 on May 24, 1963. That ordinance specifically provided for a special election to be held on June 25, 1963, to submit the question of annexation to the voters as required of a fourth class city by Sec. 79.020, V.A.M.S. The election was never held because, on June 24, 1963, on the petition of the City of Liberty, the City of Pleasant Valley was enjoined from proceeding with the annexation or from attempting to exercise any municipal jurisdiction over any of that territory. On August 9, 1963, judgment was entered reciting

"all parties agree that the Court may enter the injunction prayed for". No appeal was taken from that judgment and it became final. Thereafter, on December 19, 1963, while the mandate of the injunction was still in effect, the City of Pleasant Valley adopted Ordinance No. 232 which undertook to amend Ordinance No. 210 as to eliminate Tract 2 as a subject of annexation. On May 7, 1968, however, (after our hand-down in Julian v. City of Liberty, supra), the City of Pleasant Valley adopted Ordinance No. 456 undertaking to amend both ordinances, No. 210 and 232, and seeking the annexation, once again, of both Tracts 1 and 2. As we have previously noted, appellant's declaratory judgment action seeking judicial approval of the annexation was filed two days later. It is in this posture that the respective claims of the two municipalities are presented.

In assailing the judgment of ouster as it relates to Tract 1, appellant contends that the City of Liberty's claim of prior annexation should not have been allowed because based upon a void judgment. More specifically, appellant contends it was "entitled to show the court that the November 1, 1963 judgment (on Tract 1) was void because it was not a class action". The sense of appellant's argument is that the Sawyers Act, Sec. 71.015, V.A.M.S., requires that annexation suits be brought as declaratory judgment class actions. Civil Rule 52.09(a), V.A.M.R., governing class actions, requires that the plaintiff in such an action prove its allegations of fact to show that the defendants named and served fairly represent the whole class. Civil Rule 52.09(d), moreover, does not permit such a class suit to be maintained unless the judgment or decree will be binding upon all members of the class. Appellant's argument concludes that as Exhibit C, the judgment entry of November 1, 1963, contains "no finding that the defendants represented any class or that the judgment was intended to be binding upon any class * * * the judgment is void upon its face * * *".

We regard this argument (as well as the pleaded defense which it reiterates) as a collateral attack upon the judgment of November 1, 1963. It attempts to impeach that judgment in a proceeding not instituted for the express purpose of overturning it. Howey v. Howey, Mo., 240 S. W. 450, 456[5–8]; Beil v. Gaertner, 355 Mo. 617, 197 S.W.2d 611, 613[1, 2]; Restatement of Judgments, Sec. 11, pp. 65, 66. A judgment rendered by a court having jurisdiction of the parties and subject matter, however, is not open to collateral attack in respect of its validity or conclusiveness of the matters adjudicated. LaPresto v. La-Presto, Mo., 285 S.W.2d 568, 570[2, 3]; Payne v. St. Louis Union Trust Company, Mo., 389 S.W.2d 832[2]; 49 C.J.S. Judgments § 401. Neither may such a judgment be collaterally attacked on account of mere irregularities or errors even when these appear on the face of the record. Abernathy v. Missouri Pacific R. Co., 287 Mo. 30, 228 S.W. 486, 487[3]; Enterprise Furniture & Carpet Outfitting Installment Co. v. Davidson, 211 Mo.App. 664, 244 S. W. 949, 950[1]; 46 Am.Jur.2d, Judgments, pp. 798–800.

On the other hand, a judgment void on its face is entitled to no respect, binds no one and may be collaterally attacked "whenever or wherever it comes in the way". Abernathy v. Missouri Pacific R. Co., supra, 228 S.W. p. 487; Davison v. Arne, 348 Mo. 790, 155 S.W.2d 155, 156.

Appellant does not claim that the judgment of November 1, 1963, was void because the jurisdiction of the court of rendition over the parties and subject matter does not appear upon the face of the record, but because the judgment "does not include any class action findings".

The Sawyers Act, governing such annexations, provides that the jurisdiction of the declaratory judgment action is vested in the circuit court of the county in which the unincorporated land is located. It also requires that such proceeding be a class action under Sec. 507.070, V.A.

M.S. By Civil Rule 52.09(a), subject to some exception, a plaintiff instituting a class action is required to plead and prove that the defendants specifically named and served with process were fairly chosen and adequately and fairly represent the whole class. These requirements are mandatory. City of Salisbury v. Nagel, Mo.App., 420 S.W.2d 37, 47[19, 20]; City of Lebanon v. Holman, Mo.App., 402 S.W.2d 832, 834[1]. There is no requirement by statute or rule, however, that any judgment in a class action must contain such a recitation or finding. Neither is there any requirement that such a judgment recite it "was intended to be binding upon any class".

 It may be, as relator aptly suggests, that had the judgment been directly attacked on appeal by a party to the action, the proof as to the adequacy of the representation of the whole class might have been found wanting, in which event the trial court's jurisdiction to proceed and to render the judgment would also have been found wanting. Upon this collateral attack, however, when the right of the trial court to assume jurisdiction of a cause and proceed to judgment depends upon the ascertainment of facts in pais, it is presumed that the court, having retained jurisdiction, found the existence of such facts as required by the rule cited. Naeglin v. Edwards, Mo., 228 S.W. 764, 765[2]; Greene v. St. Louis County, Mo., 327 S.W.2d 291, 297, 8[6, 7]. The judgment of ouster as to Tract 1 was properly entered upon the pleadings and exhibits because, as a matter of law, the judgment of November 1, 1963 authorizing relator's annexation of that land was not void and therefore not subject to appellant's collateral attack.

As to Tract 2, appellant contends the judgment ousting it from proceeding with the annexation of that territory is erroneous because relator City of Liberty was guilty of laches and of such inconsistent conduct with respect to that land as to be estopped from contesting appellant's efforts to annex it.

The estoppel is said to have derived from a "mistake of law" which was perpetrated by relator and committed by the circuit court and from which the relator stands to benefit by being accorded priority of annexation to Tract 2, to the detriment of the appellant. This "mistake of law" is purported to have resulted when, on a petition filed by the City of Liberty in 1963 which alleged its prior annexation and the City of Pleasant Valley's failure to comply with the Sawyers Act requirement for a declaratory judgment action, the circuit court enjoined the City of Pleasant Valley from proceeding with its efforts to annex the disputed area. Implicit in the adjudication of that suit, however, was the determination that the City of Liberty had validly annexed Tract 2 by ordinance and was not required to comply with the same provision of the Sawyers Act. On April 1, 1968, in the *Julian* case, we invalidated the City of Liberty's efforts to annex Tract 2 (pending since 1952) for having failed to make that compliance. Thus, appellant argues, "Pleasant Valley, under a mistake of law, was enjoined from annexation until the *Julian* case was handed down". Because of it, appellant concludes, the City of Liberty is "estopped to claim priority by mere passage of another ordinance while Pleasant Valley was abiding by the erroneous 1963 order of the circuit court injunction in favor of Liberty".

 It is to be conceded, as appellant suggests, that the equitable doctrines of laches and estoppel are recognized as matters properly raised defensively to Quo Warranto actions. State at inf. of McKittrick, Atty. Gen. v. Seibert, 228 Mo. App. 1133, 65 S.W.2d 129, 134[9–11]; State ex inf. Otto ex rel. Harrington v. School District of Lathrop, 314 Mo. 315, 284 S.W. 135, 139. From what we make of the pleadings, appellant evidently seeks the benefit of an equitable estoppel, or estoppel in pais. To constitute such an estoppel, three things must occur: "First, an admission, statement, or act inconsistent with the claim afterward asserted and sued

on; second, action by the other party on the faith of such admission, statement, or act; and, third, injury to such other party, resulting from allowing the first party to contradict or repudiate such admission, statement, or act." State ex inf. Shartel ex rel. City of Sikeston v. Missouri Utilities Co., 331 Mo. 337, 53 S.W.2d 394, 399–400; Brown v. Brown, 347 Mo. 45, 146 S.W.2d 553, 554; 31 C.J.S. Estoppel § 63, p. 390. The doctrine of equitable estoppel, however, is not generally applicable to municipal corporations in matters pertaining to governmental functions; yet courts, with much circumspection, may apply the doctrine in exceptional cases where right and justice require it. State on inf. McKittrick ex rel. City of California v. Missouri Utilities Co., 339 Mo. 385, 96 S. W.2d 607, 615–616; Arbyrd Compress Co. v. City of Arbyrd, Mo.App., 246 S.W.2d 104, 108[2, 3]; 28 Am.Jur.2d, Estoppel and Waiver, Sec. 129, pp. 791–793. The circumstances of this case do not rise to that stature, and the right to the benefit of that doctrine has not been made out.

■ "Estoppels and the facts upon which they are predicated should be closely and critically scanned." McLain v. Mercantile Trust Co., 292 Mo. 114, 237 S.W. 506, 508. That is to say, every fact essential to create them must be established by clear and satisfactory evidence. Kind v. Staton, Mo.App., 409 S.W.2d 253, 257[1, 2]. Appellant has failed to do this.

■ The conduct of relator upon which appellant claims to have relied to its injury was the long standing claim of the City of Liberty to its prior annexation of Tract 2. Although it does not appear in the record, the parties tacitly acknowledge that this claim of annexation was based upon the notion that the City of Liberty could validly annex by ordinance alone, without necessity of compliance with the Sawyers Act. Such was its position at the time its priority was recognized by the 1963 injunction, and such it remained until the law was declared to be otherwise by

the *Julian* case in 1968. At no time, from 1952 until 1968, did the City of Liberty ever waver from that position. As there was no inconsistent conduct or change of position by relator, appellant could not have been misled by it to its injury. On the other hand, appellant's own conduct in explicitly agreeing that "the Court may enter the injunction prayed for in the plaintiff's petition" and its failure to appeal from that judgment is evidence of acquiescence, rather than reliance. Assuming, however, that in some manner not discernible to us, appellant changed its position for the worse in reliance upon relator's conduct, thereafter, on April 1, 1968 each party was placed on a parity by the *Julian* decision and each was free to establish its priority of jurisdiction as to Tract 2 anew.

■ The appellant misconceives the office of an estoppel. Appellant does not describe what right, already acquired, it seeks to preserve, or to what position it wishes to be restored. Rather, it seeks the advantage of being accorded what amounts to an equitable priority to the annexation of Tract 2 in the proceedings which have been instituted by the parties since April 1, 1968, irrespective of whether it has legally taken the first valid step toward annexation. However, an estoppel may not be asserted for the creation of a right, but to preserve rights already acquired. Its function is "not to work a positive gain to a party, but to protect him from a loss which he could not otherwise escape, and hence should be limited to what is necessary to put the parties in the same relative position they would have occupied if the predicate of the estoppel had never existed". State ex inf. Shartel ex rel. City of Sikeston v. Missouri Utilities Co., supra, 53 S.W.2d p. 401; Emery v. Brown Shoe Company, Mo., 287 S.W.2d 761, 768; 31 C.J.S. Estoppel § 148, pp. 734, 735.

■ Appellant also contends that because the City of Liberty's efforts to annex Tract 2 extended from 1952 until invalidated by *Julian* on April 1, 1968, it for-

feited any right of priority by this unreasonable delay amounting to laches,—even that priority which may have accrued to relator after April 1, 1968. That contention is untenable. It is undoubtedly true that once an annexation proceeding has been instituted, it must be completed within a reasonable time or the right of priority may be lost. Mayor, Councilmen, etc. v. Dealers Transport Co., Mo., 343 S.W.2d 40, 43; Emerson Electric Mfg. Co. v. City of Ferguson, Mo.App., 376 S.W.2d 643, 647. Appellant, however, fails to take into account that there were two distinctive, separate annexation episodes as to Tract 2. One continued until April 1, 1968 and the other commenced thereafter. The effect of the *Julian* holding of April 1, 1968 was to invalidate the City of Liberty's efforts to annex Tract 2. The effect of the final judgment of injunction of August 9, 1963, was to render the City of Pleasant Valley's annexation Ordinance No. 210 as to that area unenforceable. As matters stood on April 1, 1968, neither municipality had a valid or effectual annexation ordinance in being. If the relator was guilty of unreasonable delay and laches during its first, prolonged annexation efforts, its legal effect is to be confined to that effort.

The trial court properly entered judgment of ouster as to Tract 2 upon the pleadings and exhibits because, as a matter of law, issues of laches and estoppel were not properly involved in this action.

■ Divested of the questions hitherto raised and answered, the essential point raised by the quo warranto action and presented on this appeal remains: Did the City of Liberty establish such priority of annexation to Tract 2 by its enactment of Ordinance No. 2750 on April 1, 1968 and by filing its petition for declaratory judgment on May 1, 1968 as to entitle it to proceed unimpaired by the subsequent actions of the City of Pleasant Valley in enacting its annexation Ordinance No. 456 on May 7, 1968 and filing its declaratory judgment action on May 9, 1968? We find the City

of Liberty has established such priority of annexation as to Tract 2 and therefore the judgment of ouster must be affirmed.

■ Under the rule of prior jurisdiction, where each of two public bodies claims jurisdiction over the same territory by annexation proceedings, the one which takes the first valid step to accomplish annexation has the superior claim irrespective of which one completes its proceedings first. Emerson Electric Mfg. Co. v. City of Ferguson, supra, p. 646; State ex inf. Taylor ex rel. Kansas City v. North Kansas City, 360 Mo. 374, 228 S.W.2d 762, 778, 779. Applying this rule, we conclude that when the City of Liberty enacted its annexation Ordinance No. 2750 on April 1, 1968, it unquestionably took the first valid step to effect annexation of Tract 2 and thereby established a new priority to that end.

■ Appellant does not dispute that, as between them, relator took the first valid step. It does contend, however, that the question of priority to annex should not be determined until both the City of Liberty and the City of Pleasant Valley have completed annexation. As authority for that view, appellant points to what it terms "dictum" in State ex rel. Industrial Properties, Inc. v. Weinstein, Mo.App., 306 S.W.2d 634. The Supreme Court en banc had occasion to review the Weinstein case in Mayor, Councilmen, etc. v. Dealers Transport Company, supra, 343 S.W.2d pp. 42, 43 and explicitly found that the Weinstein case did not rule the point urged upon us by appellant—the very point under its own consideration. The Supreme Court en banc went on to hold that the determination of priority of jurisdiction to annex should not be postponed until the completion of annexation by the contending municipalities. See, also, Emerson Electric Manufacturing Company v. City of Ferguson, supra, 376 S.W.2d p. 646.

It follows that having established its prior jurisdiction, the City of Liberty is entitled to proceed with its efforts to an-

nex the disputed territory, unhampered by the City of Pleasant Valley.

Appellant's final contention is that the trial court denied it "due process of law" when it chose to exercise "its discretionary jurisdiction in quo warranto" rather than to consolidate the two declaratory judgment annexation suits brought by the parties and pending before that court, because had it done so, "all the parties could have had a hearing upon the issues". Our terse answer is that the point was not properly preserved for review as a constitutional question. This claim of denial of due process was raised, as such, for the first time in appellant's brief. This is not sufficient. "A constitutional question must be raised at the earliest opportunity, kept alive throughout the case, and preserved in the motion for new trial." City of Olivette v. Graeler, Mo., 369 S.W.2d 85, 92; Brawner v. Brawner, Mo., 327 S.W.2d 808, 814. This was not done.

The judgment of ouster is affirmed.

All concur.