**CITY OF TOWN & COUNTRY, et al., Relators,**

v.

**The Hon. Stephen H. GOLDMAN, Respondent.**

**No. 56451.**

Missouri Court of Appeals,
Eastern District.
Writ Division One.

July 11, 1989.

Robert Hoemeke, St. Louis, for relators.

Jerome Wallach, St. Louis, for respondent.

DOWD, Judge.

Plaintiff owns a tract of land which, since a 1951 annexation, has been taxed as part of the municipality of Town & Country. In 1988, plaintiff filed an action for declaratory judgment, requesting a declaration that the 1951 annexation was void as to this property. The then-existing statute under which the land was annexed, § 80.030 RSMo 1949, stated that a municipality could not annex farm land unless it had the owner's consent. Plaintiff claims the tract in question was farm land in 1951 and that relator did not obtain consent to the annexation. In support, plaintiff cites a 1956 circuit court judgment declaring the annexation void as to two similarly situated farmland tracts due to lack of consent. Relators filed a motion to dismiss plaintiff's petition because, among other things, the court lacked jurisdiction because an attack on the 1951 annexation could only be made by the state in a quo warranto action. The court denied the motion and relators filed a petition with this court for a writ of prohibition.

A writ of prohibition will lie to prevent a trial court from exercising non-existent jurisdiction and permits the appellate court to order the trial court to dismiss an action over which it has no jurisdiction. *State v. Brackman,* 737 S.W.2d 516, 518 (Mo.App.1987). Prohibition is a proper remedy in the situation at bar because if relators' claim has merit, the lower court is acting in excess of its authority and jurisdiction.

The central question in this case is whether the property owner may attack the validity of a 1951 annexation. The

Missouri Supreme Court explicated this question in *Cherry v. City of Hayti Heights*, 563 S.W.2d 72 (Mo.banc 1978). *Hayti Heights* involved a property owner's challenge to the incorporation of a municipality because of claimed defects in the incorporation procedure. The opinion noted that courts are hesitant to invalidate incorporations given the importance of maintaining a stable political structure. *Id.* at 79. An attack on the existence and legality of a municipality can only be made by the state in quo warranto proceedings unless the incorporation did not attain de facto status. *Id.* at 80. A municipality attains such status when "there is: (1) a law under which it might lawfully have been incorporated; (2) an attempted compliance in good faith with the requirements of the statute as to incorporation; (3) a colorable compliance with the statutory requirements; and (4) an assumption of user of corporate powers." *Id.* at 85. When a court approves the petition for incorporation, it has a duty to determine that the legalities required by the statute have been met and the fact that the court approved the order implies that the requirements have been met. *Id.* at 84–85.

■ Once the court's judgment establishing a municipality becomes final, that decision is res judicata and "impregnable to collateral assault" absent a direct proceeding in quo warranto. *Id.* at 88. The court noted that "[t]he possibility that the ... judgment may have been erroneous, even on its face, does not render it void or lessen its effect as to res judicata." *Hayti Heights* at 88 (quoting *In re Town of Blue Summit*, 461 S.W.2d 332 (Mo.App.1970)). The Supreme Court then held that the lower court was without jurisdiction to reverse the judgment establishing corporate existence.

■ *Blue Summit* expanded even further on the res judicata effect of such judgments, holding that "a judgment does not lose its effectiveness as res judicata from the mere fact that it is irregular or erroneous.... [T]he doctrine of res judicata is not dependent upon the correctness of the judgment, or of the verdict or findings

on which it is based." 461 S.W.2d at 336 (quoting 46 Am.Jur.2d Judgments p. 610.) Although they concern incorporation rather than annexation, *Hayti Heights* and *Blue Summit* are applicable to the case at bar since court judgments establishing de facto annexation are subject to the same rules as those establishing incorporation. *White v. City of Columbia*, 461 S.W.2d 806, 807 (Mo.banc 1970).

■ In the case at bar, there was a de facto annexation. Under former law 80.-030, RSMo 1949, the property in question could have been legally annexed. Town and Country taxed the land for 37 years, which amounts to use of the corporate powers granted by the annexation. Because the county court approved the annexation petition, we can assume it found attempted and colorable compliance with the statute. Petitioner claims the consent requirement of section 80.030 was not complied with, but this alleged defect does not appear on the face of the judgment. If such a lapse did occur, it indicates that the findings on which the judgment was based were erroneous, but that defect does not lessen the res judicata effect, as stated in *Hayti Heights*.

Respondent cites *Julian v. City of Liberty*, 427 S.W.2d 300 (Mo.App.1968), for the proposition that an individual has standing to attack an annexation order. This pre-*Hayti Heights* case is inapposite, however, since it involved an annexation with "no semblance or color of legal right ... that ... does not even attain de facto status." *Id.* at 302. As we have explained, the annexation in question did have de facto status. Similarly, respondent's reference to the 1956 circuit court judgment is not persuasive. That case merely held that *as to the two parcels in question* the annexation was invalid. It did not address or affect the annexation as a whole or any of the other parcels involved.

Because we are presented with a judgment establishing de facto annexation, which is not subject to collateral attack, the lower court has no jurisdiction to entertain

the petition. We make our preliminary writ of prohibition permanent.

PUDLOWSKI, C.J., and SIMEONE, J., concur.